388 A.2d 304

SUN OIL COMPANY OF PENNSYLVANIA

v.

**Thomas E. BANGHART, Petitioner.**

Supreme Court of Pennsylvania.

Argued Sept. 26, 1977.

Decided June 2, 1978.

Rehearing Denied July 21, 1978.

Norman P. Zarwin, Zarwin, Baum, Arangio & Somerson, Philadelphia, for appellant.

Edward J. Carney, Jr., Peter J. Nolan, Media, for Mor, Inc.

Before EAGEN, C. J., and O'BRIEN, ROBERTS, POMEROY, NIX, MANDERINO and PACKEL, JJ.

## OPINION OF THE COURT

MANDERINO, Justice.

This petition involves the interpretation and effect of an order of this Court which reinstated a supersedeas granted by a court of common pleas which had been reversed by the Superior Court. The relevant facts, detailed below, are not in dispute.

Petitioner, Thomas E. Banghart, a tenant of respondent Sun Oil Company of Pennsylvania (Sun), leased a service station under a written lease. Upon the lease's expiration, Banghart did not vacate the premises and Sun instituted an action in ejectment. On November 24, 1976, the Court of Common Pleas of Delaware County entered an order awarding Sun possession of the premises.

Five days later, on November 29, 1976, Sun filed a Writ of Possession to obtain possession of the service station. A sheriff executed the writ and on December 1, Sun was placed in possession. On that same day, Banghart mailed a notice of appeal to the Superior Court and petitioned the court of common pleas for allowance of supersedeas. A hearing was held before the same judge who issued the November 24 order awarding possession to Sun, and on December 9, 1976, the relief requested was granted. The court's order provided in relevant part:

"The Appeal taken by the Appellant, Thomas E. Banghart, in the above-entitled matter shall operate as a supersedeas provided that a bond be entered by the Appellant in the sum of thirty thousand ($30,000.00) dollars with security to be approved by the Court."

"It is Further ORDERED and DECREED that the Writ of Possession heretofore issued in the above-captioned matter is hereby set aside provided the bond be entered as required."

Sun immediately challenged the propriety of the above order. Sun petitioned the Superior Court to grant a special supersedeas to the supersedeas granted by the court of common pleas, arguing, among other things, that appellate decisions in this Commonwealth hold that "once the Writ of Possession issues there can be no supersedeas." The Superior Court, in a 4–3 decision, agreed and granted a special supersedeas in an order dated December 10, 1976.

Banghart petitioned this Court to review the relief granted by the Superior Court. Banghart prayed that the Superior Court's special supersedeas be reversed and that "the supersedeas granted by the lower court be reinstated to maintain the status quo as it existed on November 24, 1976, pending the outcome of the appeal." We granted the relief sought by Banghart, and on December 27, issued the following order:

"Application granted. The order of the Court of Common Pleas of Delaware County granting a supersedeas is reinstated and the order of the Superior Court in granting supersedeas is reversed."

Pursuant to Pa.R.App.P. 2541, Sun petitioned this Court for argument as to our December 27 order. In its petition dated December 28, Sun renewed its argument that the retroactive supersedeas granted by the Delaware County Court of Common Pleas was contrary to all relevant precedent in this Commonwealth. We denied the petition by order dated January 5, 1977. Notwithstanding this Court's December 27 order granting Banghart's prayer that the original supersedeas be reinstated and the status quo of November 24, 1976, be maintained, and notwithstanding the fact this Court had not yet ruled on Sun's application for argument as to that order, on December 29 Sun made settlement on the sale of the premises in question with Mor, Inc., named as a respondent in this case.

On January 11, 1977, fifteen days after this Court's order reinstating the original supersedeas and six days after this Court denied Sun's petition for reargument, Banghart entered a supersedeas bond in the amount required by the order of the Delaware County Court of Common Pleas of December 9, and the security for the bond was approved by the court. One week later, Banghart petitioned the court to order Sun and Mor, Inc., to turn over to him possession of the premises, or be held in contempt. After a hearing before the same judge who issued the previous orders of November 24 and December 9, 1976, Banghart's petition was dismissed on June 27, 1977. No opinion was written explaining why relief was denied. Banghart then petitioned this Court for relief from that order, and by order dated August 12, 1977, this Court sua sponte set the matter down for argument.

To resolve the contentions made by the parties in this petition, we first look to two Pennsylvania Rules of Appellate Procedure, Rule 1733(a) and Rule 1735(a). Rule 1733(a) provides in relevant part:

"An appeal from an order which is not subject to Rule 1731 (automatic supersedeas of orders for the payment of money) shall, unless otherwise provided in or ordered pursuant to this chapter, operate as a supersedeas only

upon the filing with the clerk of the court below of appropriate security as provided in this rule."

Rule 1733(a) also provides that appropriate security is determined by the trial court. In providing that security must be filed in order for an appeal to operate as a supersedeas, the Rules also establish time limitations for the filing of that security. Rule 1735(a) provides:

"The filing of appropriate security in the amount required by or pursuant to this chapter within 30 days from the entry of the order appealed from shall stay any execution theretofore ordered. The filing of such appropriate security after the 30 day period shall stay only executions or distributions thereafter issued or ordered."

Both parties agree that the 30-day period allowed in Rule 1735(a) began to run on December 9, 1976. They differ, however, as to when the 30-day period ended. Sun contends that the 30-day period ended on January 8, 1977. Banghart, on the other hand, argues that the 30-day period was tolled during the period of time when no supersedeas order was in effect, that is, until this Court reversed the Superior Court's special supersedeas which had quashed the trial court's supersedeas. During that time, contends Banghart, there was no supersedeas order which he could comply with by entering a bond. Banghart therefore concludes that his filing of security was timely and the trial court impermissibly departed from this Court's order in not awarding him possession of the premises. We agree, reverse the order of the court of common pleas refusing Banghart possession, and order that Banghart be awarded possession pending the outcome of his appeal on the merits of the ejectment action.

Pa.R.App.P. 1735(a), in allowing a party 30 days in which to file the security required by the court, recognizes that a certain amount of time is involved in meeting the court's requirement for security. In our view, it would be unreasonable both in terms of expense and inconvenience to include in the computation of the Rule's 30-day period that period of time in which the only judicial order in effect was the Superior Court's order of December 10, 1976, which reversed the lower court's grant of supersedeas to Banghart.

A party should not be expected to file security pursuant to an order which has been reversed and is thus of no legal effect.

The interpretation of Rule 1735(a) urged by Sun and respondent Mor, Inc., results because of the rapidity of appellate review in this case. Our order of December 27 was issued 18 days after the court of common pleas originally granted supersedeas. Hence, argues Sun and Mor, Inc., Banghart had only 12 days (30 minus 18) to file security. If our order had been issued 29 days after the original supersedeas, under Sun's interpretation Banghart would have had but one day to file the necessary $30,000 of security. The logical result of that approach would allow no time for the filing of security if the trial court's supersedeas had not been reinstated until after 30 days has elapsed. Under Sun's reasoning, a party would have to file substantial security, notwithstanding the fact the supersedeas was reversed by an intermediate appellate court, in the hope that at some future date the intermediate court's order would be reversed. Our Rules do not require such an incongruous result.

We conclude that the 30-day period was tolled during the time that the trial court's supersedeas order had been rendered ineffective by the Superior Court's reversal. This period of time was 17 days and should be subtracted from the total time that elapsed after the December 9 order which the parties agree is the starting date. Banghart's security was filed within 32 calendar days. When we subtract the 17-day period we conclude that Banghart timely filed his security.

The June 27, 1977 order of the Delaware County Court of Common Pleas is reversed, the December 1, 1976 execution in favor of respondent Sun is stayed, and it is hereby ordered that the status quo of November 24, 1976 be reinstated pending the outcome of Banghart's appeal on the merits of the ejectment action.

PACKEL, J., did not participate in the decision of this case.