Phyllis J. STAHL and Morris Stahl, Her Husband, and Mollie Lynn Stahl, a Minor, by Phyllis J. Stahl, Her Guardian Ad Litem

v.

**OHIO RIVER COMPANY**

v.

**G. M. CRAIN RIVER TOWING, INC.**
Morris Stahl, Appellant.
No. 18118.

United States Court of Appeals, Third Circuit.

Argued Jan. 22, 1970.

Decided April 1, 1970.

William K. Herrington, Weis & Weis, Pittsburgh, Pa., for Morris Stahl (George M. Weis, Pittsburgh, Pa., on the brief).

Stephen W. Graffam, Jones, Gregg, Creehan, Graffam & Gerace, Pittsburgh, Pa., for appellee.

Before FORMAN, SEITZ and ADAMS, Circuit Judges.

## OPINION OF THE COURT

ADAMS, Circuit Judge.

Plaintiffs, Phyllis J. Stahl, Morris Stahl, her husband, and Mollie Lynn Stahl, their minor child, filed suit against the Ohio River Company in the District Court for the Western District of Pennsylvania pursuant to diversity jurisdiction to recover damages for personal injuries sustained in a collision between a barge owned by the Ohio River Company and an outboard motorboat owned and operated by Phyllis and Morris Stahl. The Ohio River Company joined G. M. Crain River Towing, Inc.

(Crain), the company operating the barge, as a third-party defendant.

Crain filed a pleading against Phyllis and Morris Stahl entitled "Counter-claim" which interchangeably used the term "cross-claim" and prayed for contribution against them for any sum adjudged against Crain.

The jurors found that Crain was negligent, that "negligence on the part of husband-plaintiff Morris Stahl contribute[d] to causing the collision," and awarded $30,000 to plaintiff, Phyllis Stahl.

The District Court then entered a judgment in favor of Phyllis Stahl and against Crain for $30,000, and in an *ex parte* proceeding entered a judgment in favor of Crain and against Morris Stahl for $15,000.[1] The District Court without argument denied a motion of Morris Stahl to amend or strike off the judgment against him. This appeal followed.

Morris Stahl contends that a claim for contribution which is not "matured" may not be asserted by a third-party defendant against a co-plaintiff as a counterclaim or cross-claim. Instead, he contends, the appropriate procedure for a third-party defendant to claim contribution from a co-plaintiff is to sever the claim of the one co-plaintiff and to join such co-plaintiff as a third-party defendant, or to wait until after a judgment has been entered or payment is made, and then to assert a new law suit against the co-plaintiff.

The counterclaim procedure in the federal courts is set forth in Rule 13 of the Federal Rules of Civil Procedure. Rule 13 refers only to claims which have "matured" at the time they are pleaded as counterclaims. *See* Cold Metal Process Co. v. United Engineering & Foundry Co., 190 F.2d 217 (3d Cir. 1951); 3 J. Moore, Federal Practice ¶ 13.32, pp. 85–88 (2d ed. 1966), pp. 46–47 (Supp. 1967). 1A. Barron & Holtzoff, Federal

---

1. The jury awarded Morris Stahl $10,666 damages from Crain "reduced in proportion to his negligence." The admiralty standard of comparative negligence was apparently applied. Neither side has appealed from this award. The jury found that no damages were sustained by Mollie Stahl.

Practice and Procedure, § 402, p. 622 (1960) and cases cited therein. The crucial time for determining whether a claim may be filed as a counterclaim under the Rule 13(a) and Rule 13(b) is the time pleadings are filed. 3 J. Moore, Federal Practice ¶ 13.32. Claims which have "matured" after the filing of a party's pleadings in the action may be pleaded with the permission of the court under Rule 13(e). But under the specific language of Rule 13(e) such permission may be given only if the claim is a "matured" one at the time permission is requested.

■ A claim for contribution is not a matured claim as contemplated under Rule 13(e) because such claim is contingent upon a verdict and judgment establishing liability of a party as a joint tortfeasor.[2] Since Rule 13(e) has no provision which accelerates an unmatured claim, a claim for contribution may not be elevated to the subject matter of a counterclaim.

The facts in Slavics v. Wood, 36 F.R. D. 47 (E.D.Pa.1964), are similar to those in the present case. There a husband and wife brought suit on separate causes of action against the defendants. The defendants filed a "counterclaim" for contribution against the husband should liability for the wife's claim be found against the defendants. When the plaintiff moved to dismiss the "counterclaim" as contrary to Rule 13, the District Court judge granted the motion because, as he stated, "[t]he requirement of this rule is that the claim *must be matured* in order to qualify as a

counterclaim. A claim for contribution can arise only after trial and judgment against the defendants." The Court continued by saying that the proper procedure to assert a claim for contribution is to sever the plaintiffs' actions as permitted by Rule 21 and to join the plaintiff as a third-party defendant under Rule 14.[3] In Scherza v. Home Indemnity Co., 267 F.Supp. 97 (D.R.I.1966) the District Court also held that a claim for contribution is an unmatured claim. *Cf.* Marcus v. Marcoux, 41 F.R.D. 332, 335 (D.R.I.1967).

■■ The pleading by Crain alternately uses the term "cross-claim," which is part of the subject matter of Rule 13(g). The subsection's title, "Cross-claims against a Co-Party", indicates that cross-claims are filed against *co-parties* and not against *adverse* parties. Cross-claims are litigated by parties on the same side of the main litigation; counterclaims are litigated between opposing parties to the principal action. There is no dispute in this case that Phyllis and Morris Stahl are adverse parties to Crain in the action where the principal issue is whether Crain negligently operated the barge which caused the sinking of the Stahl motorboat.

■ Although the parties did not refer to Rule 14 in their briefs or oral arguments, it has been suggested that perhaps Rule 14(a) might authorize the procedure employed by Crain. Rule 14 governing third-party practice does not sanction a procedure by which a party may plead as a counterclaim any claim

---

2. Under Pennsylvania law, "A joint tortfeasor is not entitled to contribution until he has by payment discharged the common liability or has paid more than his pro rata share thereof." 12 P.S. § 2083 (1967).

3. This procedure was specifically authorized by this Court in Sporia v. Pennsylvania Greyhound Lines, 143 F.2d 105 (3d Cir. 1944). In the opinion in that case, Judge Dobie stated that if the defendant were not permitted to sever the suits of the two plaintiffs and then join one of

the plaintiffs as a third party defendant then "Greyhound [the defendant], if held liable to Kosana [a co-plaintiff], might lose its right of contribution from Sporia [the other co-plaintiff]." 143 F.2d at 106. This sentence which was not necessary to the decision and which was not supported by legal authority, may have referred to the situation at common law where the payment of a judgment by one joint tortfeasor discharged the other joint tortfeasor. This is not the situation under the current Pennsylvania law. 12 P.S. § 2084.

which has not yet matured. Rule 14(a) states that a "third-party defendant may also assert any claim against the plaintiff arising out of the transaction or occurrence that is the subject matter of the plaintiff's claim against the third-party plaintiff." Since the language of this sentence is almost identical with the language of Rule 13(a), there would not appear to be any rationale for applying different meanings to the word "claim" in the two Rules. To do so would enable a third-party defendant to effectuate what an original defendant clearly may not. Such an inconsistent result is not contemplated by the Rules.

The view that Rule 14 does not permit the assertion of unmatured claims by third-party defendants against parties to the action is further strengthened by Rule 8(a)(2) which requires that a party asserting a claim make a "statement of the claim showing that the pleader is entitled to relief." Crain, or any pleader seeking contribution, could not show he was entitled to relief until there was a final adjudication of his liability and, under Pennsylvania law, until he had paid more than his pro rata share of the judgment. Until such time he is unable to state a claim, although such allegation might eventually ripen into a claim and then be available for assertion in a legal action. There is clearly no provision in Rule 14 to accelerate a contingent claim except the clause permitting an original defendant (a "defending party") to bring into the suit "a person *not* a party to the action who is or may be liable to him". This language, unlike the language permitting third-party defendants to plead "claims" against a plaintiff, clearly recognizes contingent liability. Thus, the Rules include specific language when they intend to permit the assertion of future, or "unmatured", claims. It is significant that the next to the last sentence of Rule 14(a) authorizes a third-party defendant to proceed against a person "who is or may be liable to him", but only against a "person not a party to the action". The only logical infer-

ence to be drawn from this Rule is that a third-party defendant may not proceed against a plaintiff, one who is already a party to the action, in this manner.

Additional support for such interpretation of the Rules is found in Professor Moore's comment that a third-party defendant (such as Crain) cannot assert a "counterclaim" against a plaintiff since they are not "opposing parties". If such a counterclaim is asserted, however, they would be treated as opposing parties and would then be governed by Rule 13. 3 J. Moore, Federal Practice ¶ 14.17.

Crain, however, has questioned whether Morris Stahl waived his right to object to the counterclaim for contribution by failing to file a motion to dismiss it any time during the proceedings before the jury returned with a verdict. This omission by Morris Stahl prevented Crain from utilizing the well established procedure of severing the suits of the co-plaintiffs and joining Morris Stahl as a third-party defendant, thereby eliminating the necessity that Crain bear the burden of a subsequent lawsuit.

Although there is no authority permitting parties to *agree* to allow improper counterclaims (even the Court may not permit parties to plead unmatured claims), when a plaintiff fails to object to the assertion of a counterclaim until after the jury has answered an interrogatory finding that his "negligence * * * contribute[d] to causing the collision" it would be inappropriate to require the defendant to engage in further litigation which could have been avoided had the plaintiff's objection been timely. Accordingly, the case will be remanded so that the District Court may amend Crain's pleadings *nunc pro tunc* to conform to the procedure authorized in *Sporia.*

Plaintiff will not be unjustly prejudiced by this procedure since he has already had a jury decide the question of his negligence. There has been some suggestion that the issue of negligence tried was only contributory negligence

and that the evidence of negligence for contribution may differ. Without passing on this fine distinction, we consider it more appropriate for Morris Stahl, the party who failed to assert an objection to the interrogatories submitted to the jury, to sustain this tenuous disadvantage than to require Crain to institute further litigation.

This Court disapproves the action of the District Court in entering a judgment in favor of Crain and against Morris Stahl in an *ex parte* proceeding, and in denying Morris Stahl's motion to amend or strike off such judgment *without argument*. Such conduct is inconsistent with proper federal procedure. We have, however, reviewed the matter and the contentions made by each party in their briefs and oral arguments, and have concluded that no prejudice has resulted to the parties from the error of the trial judge which would justify reversal of his order.

The case shall be remanded in accordance with this opinion.