Joseph M. TIESLER, a minor by Joseph Tiesler, H. Elizabeth Tiesler and Joseph Tiesler and H. Elizabeth Tiesler, in their own right

v.

MARTIN PAINT STORES, INC. and Bushwick Can Co., Inc. and H & S Solvent Corporation and Joseph Keller, a minor.

Civ. A. No. 77–1479.

United States District Court,
E. D. Pennsylvania.

Nov. 14, 1977.

E. Barclay Cale, Jr., Marc J. Sonnenfield, Philadelphia, Pa., for plaintiffs.

Christopher C. Fallon, Jr., Philadelphia, Pa., for Martin Paint Stores, Inc.

Joseph R. Livesey, Philadelphia, Pa., for Joseph Keller.

Charles J. Bogdanoff, Philadelphia, Pa., for Bushwick and H & S.

## MEMORANDUM OF DECISION

McGLYNN, District Judge.

This is an action for personal injuries resulting from an explosion of a can of denatured alcohol which showered the minor plaintiff with burning liquid. Plaintiff seeks damages from Martin Paint Stores (Martin) for allegedly failing to comply

with the rules and orders of the Consumer Product Safety Commission (CPSC) in labeling and packaging the alcohol, which failure proximately caused the minor plaintiff's injuries. In addition plaintiffs allege Martin's breach of implied warranty, negligence and liability under § 402A, Restatement of Torts.

■ Jurisdiction in this case is based on 15 U.S.C. § 2072 which confers power on the United States district courts to hear suits for damages by persons injured by reason of any knowing violations of the rules or orders of the CPSC. The additional claims against Martin are properly before the court by the doctrine of pendent jurisdiction. *United Mine Workers v. Gibbs*, 383 U.S. 715, 86 S.Ct. 1130, 16 L.Ed.2d 218 (1966). The parties to the litigation are residents of Pennsylvania and the accident took place there. Plaintiffs' original complaint alleged that minor Joseph Keller was also responsible for the accident but the complaint was amended and Keller dropped as a defendant when this court granted a motion to dismiss him, since a plaintiff may not bring in as a party someone over whom the court does not have independent jurisdiction. *Aldinger v. Howard*, 427 U.S. 1, 96 S.Ct. 2413, 49 L.Ed.2d 276 (1976). Subsequently the defendant Martin, pursuant to Rule 14 of the Federal Rules of Civil Procedure, impleaded Joseph Keller as a third-party defendant claiming that his negligent use of the product was the proximate cause of the plaintiff's injuries.

Presently before the court is a motion to dismiss the third-party complaint because it is not related to the allegations against the original defendants and is based on ordinary negligence principles. In the alternative, the third-party defendant seeks to sever as plaintiffs the parents of the injured child and then to join them as fourth-party defendants as he claims that their negligence in watching over the minor children caused the accident. For the reasons set forth below, the court finds that the third-party defendant, Joseph Keller, was properly joined as a party to this action and thus the motion to dismiss the third-party complaint is denied. The motion to sever is granted.

■ Whether Joseph Keller may be impleaded is controlled by the language of Federal Rule of Civil Procedure 14(a) which provides that a defendant may implead a person not a party to the action "who is or may be liable to him for all or part of the plaintiff's claim against him." The use of the word "claim" in Rule 14 avoids the narrow concepts of "cause of action" and instead employs the idea of the claim as a group of operative facts giving occasion for judicial action. *Dery v. Wyer*, 265 F.2d 804, 807 (2d Cir. 1959). The purpose of Rule 14 is to effectively dispose of the entire related litigation in the suit which is properly before the court and, for jurisdictional purposes, such a claim is ancillary to the main action so the inclusion of a third-party claim is justified though it does not of itself meet the diversity test or raise a federal question. *Sheppard v. Atlantic States Gas Co.*, 167 F.2d 841, 845 (3rd Cir. 1948).

■ In seeking to have the third-party complaint dismissed, the movant relies on the rule that an entirely separate and independent claim cannot be maintained against a third party under Rule 14, even though it does arise out of the same general set of facts as the main claim. *United States v. Joe Grasso & Son, Inc.*, 380 F.2d 749, 751 (5th Cir. 1967). Impleader is proper and the claim not separate or independent if the third party's liability is in some way derivative of the outcome of the main claim in that the defendant seeks to hold the third party secondarily liable to him or to pass on to the third party all or part of the liability asserted against the defendant. *Id.* It is immaterial that the liability of the third party is not identical to or rests on a different theory than that underlying plaintiff's claim. *Southern Milling Co. v. United States*, 270 F.2d 80 (5th Cir. 1959); *Lee's Inc. v. Transcontinental Underwriters, Inc.*, 9 F.R.D. 470 (D.Md.1949).

■ Thus, it is not permissible to bring in a person as a third-party defendant simply because he is or may be liable to the

plaintiff. *National Fire Ins. Co. of Hartford v. Daniel J. Keating Co.*, 35 F.R.D. 137 (W.D.Pa.1964). Third party practice is permitted only where the defendant can show that if he is found liable to plaintiff, the third party will be liable to him. *Index Fund, Inc. v. Hagopian*, 417 F.Supp. 738, 743 (S.D.N.Y.1976). However, the Rule is not limited to situations in which the third-party defendant would automatically be liable for all or part of plaintiff's claim. *Stiber v. United States*, 60 F.R.D. 668 (E.D.Pa. 1973); *McGee v. United States*, 62 F.R.D. 205 (E.D.Pa.1973). Rather, the complaint should be allowed to stand, even if recovery is not certain, if under some construction of facts which might be adduced at trial, recovery would be possible. *Stiber, supra* at 669.

The Rule creates no substantive rights and does not enlarge, abridge or modify the substantive rights of any litigant. *Smith v. Whitmore*, 270 F.2d 741 (3rd Cir. 1959). But the impleader rule does require that the defendant have a substantive basis for his claim against the third party. *Index, supra* at 744. The defendant in the present case claims that the third party is a joint tortfeasor and is jointly or severally liable in tort for the same accident and injury to the plaintiff. The right of contribution among joint tortfeasors is one of substantive law and since the parties to the action are residents of Pennsylvania and the accident occurred here, it is Pennsylvania law which governs. *See Gartner v. Lombard Bros.*, 197 F.2d 53 (3rd Cir. 1952). The Pennsylvania Statute provides for contribution among joint tortfeasors, 12 Purdon's Pa.Stat.Ann. § 2081 *et seq.*, and it may well be that as the facts are developed, the case in so far as it involves general tort and negligence principles, would be one for contribution under the statute. *Gartner, supra* at 55. Martin may substantively claim that if it is found to have been negligent, the third-party defendant, Joseph Keller, is or may be found to be liable to him. Therefore, the motion to dismiss the third party complaint is denied.

Joseph Keller, as a third-party defendant, also moves to sever the actions of plaintiffs Joseph Tiesler and H. Elizabeth Tiesler, parents of the injured minor plaintiff, and to join them as fourth-party defendants. The complaint alleges that the parent's negligence in watching over the children was the proximate cause of the injury so if Keller is liable to the minor plaintiff, the parents are or may be liable to him. Rule 14(a) provides that a third-party defendant may assert any claim against the plaintiff arising out of the transaction or occurrence that is the subject matter of the plaintiff's claim against the third-party plaintiff. However, the Third Circuit has held that the Rule does not sanction pleading as a counterclaim any claim which has not yet matured. *Stahl v. Ohio River Co.*, 424 F.2d 52, 55–56 (3rd Cir. 1970).

In the *Stahl* case, a husband, wife and minor child sued a barge owner to recover damages for personal injuries sustained in a collision between the barge and a motorboat owned and driven by the plaintiffs. The barge owner had impleaded the barge operator who sought contribution from the husband. The court found that a claim for contribution is not a matured claim because such claim is contingent upon a verdict and judgment establishing liability of the party as a joint tortfeasor. *Id.* at 55. The proper procedure to assert a claim for contribution is to sever the plaintiff's actions as permitted by Rule 21 and to join the plaintiff as a third-party defendant (in this case fourth-party defendant) under Rule 14. *Id.* at 55, 56.

The *Stahl* case appears to govern in this situation; therefore, the motion to sever the Tiesler parents as plaintiffs and join them as fourth-party defendants is granted.