In the Matter of THEOBALD INDUSTRIES, INC., Debtor.

Charles A. STANZIALE, Jr., Trustee of Theobald Industries, Inc., Debtor, and Theobald Industries, Inc., Debtor, Plaintiffs,

v.

STATE OF NEW JERSEY, by the COMMISSIONER OF TRANSPORTATION, Department of Labor & Industry, and Department of Treasury, Defendants.

Bankruptcy No. 84–0312.

United States Bankruptcy Court, D. New Jersey.

Nov. 21, 1984.

Frank Vecchione, Crummy, Del Deo, Grittinger & Vecchione, Newark, N.J. for Debtor.

Robert Blau, Irwin Kimmelman, Atty. Gen., State of N.J., for State of N.J.

## OPINION

D. JOSEPH DE VITO, Bankruptcy Judge.

On August 11, 1980, Theobald Industries, Inc. (Theobald) filed a petition in bankruptcy under Chapter 11 of Title 11 of the U.S. Code, followed by the appointment of a trustee.

On May 17, 1984, Theobald and the trustee filed a complaint against the state of New Jersey, alleging in counts one and two that acts of the state Department of Transportation had diminished the value of real estate formerly owned by Theobald which, in effect, constitutes a taking of property, entitling Theobald and/or the trustee to compensation from the state of New Jersey pursuant to the United States and New

Jersey Constitutions. In addition, Theobald premises its right to damages sought in count two upon an alleged agreement wherein the state agreed to compensate Theobald for some of the taking. In counts three and four, Theobald, objecting to the proofs of claim filed by the state Departments of Treasury and Labor in these proceedings, requests that the Court determine the validity and extent, if any, of the claims to be allowed pursuant to 11 U.S.C. § 502[b] and § 505[a]. Count five of the complaint demands judgment allowing plaintiffs the right to set off the claims asserted in the first two counts against any amount allowed for the claims referred to in counts three and four.

On September 11, 1984, the state moved to dismiss the complaint for lack of subject matter jurisdiction, contending that the Eleventh Amendment to the U.S. Constitution[1] bars determination by this Court[2] of any portions of the complaint.

The parties agree that the Eleventh Amendment, as a general rule, bars suits by private citizens against non-consenting states in federal courts and that Congress has the power to create exceptions to the general rule. They disagree as to whether Congress has, in fact, created an exception applicable here through the enactment of 28 U.S.C. § 1334 and 11 U.S.C. § 106.

The Court finds that Congress has created such exception to the rule of the Eleventh Amendment, applicable to counts three, four, and five of the complaint. It also finds that the proffered statutes do not create an exception applicable to counts one and two of the complaint.

To determine whether Congress has created a relevant exception to the sovereign immunity afforded the state under the

---

1. The Eleventh Amendment provides:
   The Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State.

2. The state also argued that the Common Law doctrine of sovereign immunity bars a determination of count two by this Court. The Court's ruling on the Eleventh Amendment argument, however, makes it unnecessary for the Court to address the state's Common Law immunity argument.

Eleventh Amendment, we look to the intent of Congress. *See Parden v. Terminal R. Co.*, 377 U.S. 184, 84 S.Ct. 1207, 12 L.Ed.2d 233 (1964).[3]

Section 106[c] provides that:

... notwithstanding any assertion of sovereign immunity—

■ a provision of this title that contains "creditor", "entity", or *"governmental unit"* applies to governmental units; and

■ a determination by the court of an issue arising under such a provision binds governmental units. (Emphasis added.)

Without reciting it at length, § 505 of the Bankruptcy Code is replete with the use of the term "governmental unit".

■ Construing sections 106 and 505 together, the Court finds that Congress clearly expressed an intent to abrogate the sovereign immunity of states so as to permit a debtor to resolve state tax matters in the bankruptcy court, leading this Court to conclude that it has jurisdiction over counts three and four of the adversary complaint, which seek adjudication of the debtor's tax liabilities.

■ In considering count five, which seeks to offset amounts claimed by the debtor against amounts claimed by the state, the Court looks to § 106[b]. That section provides:

There shall be offset against an allowed claim or interest of a governmental unit any claim against such governmental unit that is property of the estate.

Given the title of § 106, "Waiver of sovereign immunity," and the language of § 106[b], the Court finds that Congress clearly intended to abrogate the sovereign immunity of the states in proceedings to offset allowed governmental claims against property of a bankruptcy estate held by the government making such claims.

■ The Court now considers plaintiffs' twofold argument that counts one and two do not fall within the purview of the Eleventh Amendment. Firstly, that § 542[b] of the Bankruptcy Code, when construed together with § 106, expresses the intent of Congress to abrogate sovereign immunity over any dispute involving property of the estate. Section 542[b] provides:

Except as provided in subsection [c] or [d] of this section, an entity that owes a debt that is property of the estate and that is matured, payable on demand, or payable on order, shall pay such debt to, or on the order of, the trustee, except to the extent that such debt may be offset under section 553 of this title against a claim against the debtor.

The Court rejects plaintiffs' argument. Since the right to the payment of the claims contained in counts one and two is contingent on a judgment establishing liability, the claims are not "matured". *See Stahl v. Ohio River Co.*, 424 F.2d 52, 55 (3d Cir.1970). Section 542[b], dealing only with matured claims, is inapplicable here.

■ The plaintiffs' remaining argument is that 28 U.S.C. § 1334[d] abrogates the sovereign immunity of states in any dispute involving property of the estate.[4] The

---

**3.** In *Parden,* the U.S. Supreme Court considered, for the first time, whether a state could successfully invoke the Eleventh Amendment to prevent a private citizen from suing it based on a cause of action expressly created by Congress. The court noted, at 187, 84 S.Ct. at 1210, that:

Two questions are thus presented: (1) Did Congress in enacting the [statute giving rise to the cause of action] intend to subject a State to suit in these circumstances? (2) Did it have the power to do so, as against the State's claim of immunity?

Since the parties agree that Congress had the power to abrogate New Jersey's sovereign immunity in the context of the instant suit, only the former question remains for consideration here.

**4.** Section 1334[d] states:

The district court in which a case under title 11 is commenced or is pending shall have exclusive jurisdiction of all of the property, wherever located, of the debtor as of the commencement of such case, and of the estate.

relief sought by plaintiffs in the first two counts, however, is contingent upon a determination that subject property is property of the estate. Even if, arguendo, Congress had expressed in § 1334[d] a clear intent to abrogate the states' sovereign immunity with regard to suits involving property of a bankruptcy estate, it would not necessarily follow that such intent encompassed suits to determine whether particular property was property of the estate. In the absence of an unequivocal expression of Congressional intent to overturn such immunity, this Court, relying upon *Pennhurst State School and Hospital v. Halderman,* 465 U.S. 89, 104 S.Ct. 900, 79 L.Ed.2d 67 (1984), feels compelled to uphold New Jersey's right to invoke the Eleventh Amendment. In *Pennhurst,* the court noted, at 907, that it has "required an unequivocal expression of congressional intent to 'overturn the constitutionally guaranteed immunity of the several States.' "

By reason of the foregoing, counts one and two are hereby dismissed. The state's motion is denied with respect to counts three, four, and five. However, the plaintiffs will not be permitted to proceed with count five until it is determined that: (1) the state's tax claims will be allowed, and (2) the money the plaintiffs seek in counts one and two is property of the estate.

Submit an order in accordance with the above.