**In re CENDANT CORPORATION LITIGATION.**

This document relates to

**Ernst & Young LLP, Defendant and Third–Party Plaintiff,**

v.

**Cendant Membership Services, Inc., Casper Sabatino, Steven Speaks, Kevin T. Kearney, and Mary Sattler, Third–Party Defendants.**

**Casper Sabatino, Third–Party Defendant, Counterclaimant and Cross–Claimant,**

v.

**Ernst & Young LLP, et al., Counterclaim and Cross–Claim Defendant.**

**No. CIV. 98–1664 (WHW).**

United States District Court, D. New Jersey.

Nov. 9, 1999.

trial.

See also 60 F.Supp.2d 354.

Linda G. Harvey, Greenberg Dauber Epstein & Tucker, Newark, NJ.

Douglas S. Eakley, Lowenstein Sandler PC, Roseland, NJ.

## OPINION

WALLS, District Judge.

This matter is before the Court on defendant and third-party plaintiff Ernst & Young LLP's motion to dismiss Casper Sabatino's counterclaims and cross-claims for contribution and indemnification. Pursuant to Fed.R.Civ.P. 78, the Court decides the motion without oral argument. Defendant's motion is granted.

### Factual Background

Ernst & Young LLP ("E & Y") is a defendant in the amended and consolidated class action complaint ("Cendant class action") filed by purchasers of Cendant Corporation ("Cendant") and CUC International, Inc. securities ("Cendant class action plaintiffs"). E & Y has filed a third-party complaint against Cendant Membership Services, Inc. ("CMS") and several individuals, including Casper Sabatino. Mr. Sabatino was Vice President of Accounting and Financial Reporting for CUC before its merger with HFS, Inc. ("HFS") to form Cendant in December 1997. After the merger, Sabatino held the same position at CMS until he was promoted to Vice President of Business Development for Cendant.

E & Y's third-party complaint seeks damages from third-party defendant Sabatino for fraud (Count II), fraudulent inducement of contract (Count III), negligent misrepresentation (Count IV), and contribution under 15 U.S.C. § 78j (Count VI). In response, Sabatino filed an answer and counter- and cross-claims for contribution and indemnification against all defendants, cross-claim defendants and third-party defendants, including E & Y.

E & Y has moved to dismiss Sabatino's counter- and cross-claims for contribution and indemnification. It argues that (1) Sabatino's claim for contribution is legally impermissible because E & Y is the plaintiff in this action; (2) Sabatino's claim for indemnification is not cognizable under federal securities laws; (3) any common-law indemnification claim is unavailable because E & Y is not a third-party to the action; and (4) even if Sabatino's claims against E & Y had legal basis, his factual allegations are insufficient to support them. Sabatino responds that E & Y's status as plaintiff is irrelevant because E & Y is a defendant in the consolidated class action pending before this Court. Thus, he argues, as a potential tortfeasor, E & Y may be liable for contribution and indemnification claims brought by other

potential tortfeasors, including Mr. Sabatino. *See* Sabatino Brf. at 4 ("While technically a third-party 'plaintiff,' for all intents and purposes E & Y is a defendant, and the claims alleged by Mr. Sabatino are for contribution and indemnification.").

### Analysis

#### A. Motion to Dismiss

On a motion to dismiss pursuant to Fed. R.Civ.P. 12(b)(6), the court is required to accept as true all allegations in the complaint, and all reasonable inferences that can be drawn therefrom, and to view them in the light most favorable to the non-moving party. *See Oshiver v. Levin, Fishbein, Sedran & Berman*, 38 F.3d 1380, 1384 (3d Cir.1994). The question is whether the claimant can prove any set of facts consistent with his/her allegations that will entitle him/her to relief, not whether that person will ultimately prevail. *Hishon v. King & Spalding*, 467 U.S. 69, 73, 104 S.Ct. 2229, 2232, 81 L.Ed.2d 59 (1984). The claimant, however, must set forth sufficient information to outline the elements of his claims or to permit inferences to be drawn that these elements exist. See Fed. R.Civ.P. 8(a)(2); *Conley v. Gibson*, 355 U.S. 41, 45–46, 78 S.Ct. 99, 101–102, 2 L.Ed.2d 80 (1957). The Court may consider the allegations of the complaint, as well as documents attached to or specifically referenced in the complaint, and matters of public record. *See Pittsburgh v. West Penn Power Co.*, 147 F.3d 256, 259 (3d Cir.1998); see also 5A Charles A. Wright & Arthur R. Miller, *Federal Practice & Procedure* § 1357 at 299 (2d ed.1990).

#### B. Sabatino's Claims

E & Y's primary argument in support of dismissal of Sabatino's contribution and indemnification claims is that it is a "plaintiff" in its third-party action. E & Y asserts that "[h]ere, E & Y is the only *plaintiff* that would have obtained the relief against Sabatino for which Sabatino would be seeking contribution [or indemni-

fication]. Moreover, Sabatino has no claim that E & Y should contribute to any judgment any *other* party might obtain against Sabatino, since E & Y is the only party that has sued Sabatino." E & Y Brf. at 3. Sabatino responds that the state contribution act, N.J.S.A. 2A:53A–1 et seq., does not speak in terms of "plaintiffs" or "defendants" but in terms of "tortfeasors." Sab. Brf. at 4. Further, he asserts that the right of contribution under federal law applies to all persons found statutorily liable, regardless of their litigating position. *See* 15 U.S.C. §§ 77k & 78j.[1] Sabatino adds that though he has not been sued by other parties to the Cendant litigation, the defendants in E & Y's third-party complaint have since filed cross-claims against him.

Under New Jersey law, a right to contribution exists when the damaged party "recovers a money judgement or judgements against one or more of the joint tortfeasors" and one of these tortfeasors pays damages which exceed his or her proportionate share of liability. *See* N.J.S.A. § 2A:53A–3 (Judgment Against Joint Tortfeasor: Contribution); *see also Tomkovich v. Public Service Coordinated ·Transp.*, 61 N.J.Super. 270, 160 A.2d 507 (1960). Under federal law, there must be shared statutory liability for a right of contribution to exist. *See generally* 15 U.S.C. § 78j; *In re Towner Petroleum Co. Securities Litig.*, No. 84–4972, 1987 WL 6746 (E.D.Pa. Feb.13, 1987) ("It is well recognized in the federal courts that one party held liable under section 10b may seek contribution from equally culpable parties."). And, an implied right of indemnification exists under New Jersey law where one party, without fault, is subject to the tort liability of another. *See Public Serv. Elec. & Gas Co. v. Waldroup*, 38 N.J.Super. 419, 119 A.2d 172, 179 (1955); *see also Restatement of the Law: Restitution* § 96 (1988 Appendix) (citing *Adler's Quality Bakery, Inc. v. Gaseteria, Inc.*, 32 N.J. 55, 159 A.2d 97 (1960)).

---

**1.** Sabatino does not provide any basis for indemnification under federal law. This

Court, then, treats his indemnification claim as purely a state law claim.

■ E & Y's complaint accuses Mr. Sabatino of various misdeeds and omissions in regard to the accounting irregularities announced by Cendant on April 15, 1998 (Counts II–IV). E & Y is correct that it seeks damages for these claims as a plaintiff. And, as plaintiff, E & Y will never be adjudged a "tortfeasor" or be held statutorily liable to Mr. Sabatino for these claims. So, to the extent that Sabatino seeks contribution or indemnification against E & Y for liability on Counts II–IV of the third-party complaint, his requests cannot be honored. *See generally Lentz v. Mason,* 961 F.Supp. 709 (D.N.J.1997) (contribution is right of one liable party against another liable party); *see also Stahl v. Ohio River Co.,* 424 F.2d 52, 54 (3d Cir.1970) ("[A] claim for contribution may not be elevated to the subject matter of a counterclaim"). Moreover, the cross-claims asserted against Mr. Sabatino by other third-party defendants do not change E & Y's status as plaintiff in this action. The Court, therefore, dismisses Mr. Sabatino's claims against E & Y with prejudice to the extent that he seeks contribution or indemnification for potential liability arising out of Counts II–IV of E & Y's complaint: He will never share liability with E & Y on these counts.

■ Yet, the complaint also demands contribution from Mr. Sabatino under 15 U.S.C. § 78j (Manipulative and Deceptive Devices). For this claim, E & Y is not acting as a traditional plaintiff but as a defendant who seeks to lessen its share of any potential exposure in the Cendant class action by pointing a finger at other potential wrongdoers. The Court finds that this contribution claim is an implied admission that, in some circumstances, E & Y and Mr. Sabatino may both be responsible for injuries to the Cendant class action plaintiffs. Mr. Sabatino's argument that E & Y is not exclusively a plaintiff in this litigation has merit.

To date, however, Mr. Sabatino is not at risk of being held directly liable to the Cendant class action plaintiffs. *See* E & Y Brf. at 3. ("Sabatino has no claim that E & Y should contribute to any judgment any *other* party might obtain against Sabatino, since E & Y is the only party that has sued Sabatino."). As it stands, the Cendant class action plaintiffs are not suing Mr. Sabatino. It follows, then, that Mr. Sabatino cannot be held liable to them for any amount-the prerequisite for a right to contribution or indemnification under New Jersey law. As yet, Mr. Sabatino is not exposed to federal statutory liability with E & Y because he is not now a defendant in the Cendant class action. Mr. Sabatino's claims against E & Y for contribution and indemnification related to Mr. Sabatino's potential liability for damages in the Cendant class action are dismissed without prejudice.

### Conclusion

Mr. Sabatino's claims against E & Y are dismissed with prejudice to the extent that he seeks contribution or indemnification for potential liability arising out of Counts II–IV of E & Y's third-party complaint. Mr. Sabatino's claims against E & Y for contribution and indemnification related to his potential liability for damages in the Cendant class action are dismissed without prejudice.

### ORDER

This matter is before the Court on defendant and third-party plaintiff Ernst & Young LLP's motion to dismiss Casper Sabatino's counterclaims and cross-claim for contribution and indemnification. Having considered the submissions of the parties and for good cause shown,

It is on this 9th day of November, 1999,

ORDERED that Ernst & Young LLP's motion to dismiss Casper Sabatino's counterclaims and cross-claim for contribution and indemnification are dismissed with prejudice to the extent that he seeks contribution or indemnification for potential liability arising out of Counts II–IV of E & Y's third-party complaint; it is further

ORDERED that Mr. Sabatino's claims against Ernst & Young LLP for contribution and indemnification related to Mr. Sabatino's potential liability for damages in the Cendant class action are dismissed without prejudice.