Thomas BANGHART

v.

SUN OIL COMPANY OF PENNSYLVANIA, Joseph A. Damico, Jr., Esq., Edward J. Carney, Jr., Esq., Mor, Inc. (Dave Reese Oldsmobile), Stanley Zubriski, Paul Stromberg, Joseph Love, James McPartland, Sheriff of Delaware County, John W. Taylor, Jr., Upper Darby Police Department and John Devlin.

Civ. A. No. 78–4001.

United States District Court,
E. D. Pennsylvania.

June 4, 1982.

Robert P. Weiner, Zarwin, Baum, Arangio & Ross, Philadelphia, Pa., for plaintiff.

John J. Runzer, Pepper, Hamilton & Scheetz, Philadelphia, Pa., for Sun Oil.

Marshall, Dennehey & Warner, Philadelphia, Pa., for Upper Darby Police, Devlin, Zubriski and Stromberg.

Christine Clark Bork, Asst. County Sol., Media, Pa., for defendants McPartland, Love, Taylor and Delaware County.

Alan Morris Feldman, Norristown, Pa., for Mor, Inc., Dave Reese Oldsmobile, Inc.

## MEMORANDUM

RAYMOND J. BRODERICK, District Judge.

Plaintiff Thomas Banghart (plaintiff) brought this civil rights action for damages and declaratory and injunctive relief against the following defendants: (1) Sun Oil Company of Pennsylvania (Sun); (2) Joseph A. Damico, Jr. (Damico), attorney for Sun; (3) Edward J. Carney, Jr. (Carney), attorney for Sun; (4) the Upper Dar-by Police Department; (5) John Devlin (Devlin), individually and in his capacity as Chief of the Upper Darby Police Department; (6) Stanley Zubriski (Zubriski), individually and in his capacity as an Upper Darby police officer; (7) Paul Stromberg (Stromberg), individually and in his capacity as an Upper Darby police officer; (8) the Sheriff of Delaware County; (9) John W. Taylor, Jr. (Taylor), individually and in his capacity as Sheriff of Delaware County; (10) Joseph Love (Love), individually and in his capacity as Deputy Sheriff of Delaware County; (11) James McPartland (McPartland), individually and in his capacity as Deputy Sheriff of Delaware County; and (12) Mor, Inc. (Mor). In his complaint, plaintiff alleges claims against each of the defendants based upon: (1) 42 U.S.C. §§ 1983 and 1985(3); and (2) the Fifth and Fourteenth Amendments to the United States Constitution. The complaint alleges no state law claims. The jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 1331 and 1343(3).

The facts, as alleged in the complaint and as pertinent to this opinion, are as follows: Plaintiff leased a gasoline service station from defendant Sun under a written lease dated June 1, 1971. Upon the lease's expiration, plaintiff did not vacate the premises and Sun filed a complaint in ejectment in Delaware County, Pennsylvania. On November 24, 1976, the Court of Common Pleas of Delaware County entered an order awarding Sun possession of the premises. Five days later, on November 29, 1976, Sun obtained a writ of possession pursuant to the order of the Court of Common Pleas of Delaware County. On December 1, 1976, defendant Deputy Sheriffs Love and McPartland, defendant Upper Darby police officers Zubriski and Stromberg and defendant Damico served the plaintiff with the writ of possession and took possession of the premises. On that same day, plaintiff mailed a notice of appeal to the Superior Court of Pennsylvania and petitioned the Court of Common Pleas for allowance of supersedeas. A hearing was held before the same judge who issued the November

order awarding possession to Sun, and on December 9, 1976 the supersedeas was granted. The court's order provided in relevant part:

The Appeal taken by the Appellant, Thomas E. Banghart, in the above-entitled matter shall operate as a supersedeas provided that a bond be entered by the Appellant in the sum of thirty thousand ($30,000.00) dollars with security to be approved by the Court.

It is Further ORDERED and DECREED that the Writ of Possession heretofore issued in the above-captioned matter is hereby set aside provided the bond be entered as required.

Sun immediately petitioned the Superior Court to grant a special supersedeas as to the supersedeas granted by the Court of Common Pleas and on December 10, 1976, the special supersedeas was granted. Plaintiff then petitioned the Supreme Court of Pennsylvania to review the relief granted by the Superior Court and by order dated December 27, 1976, the Supreme Court reinstated the supersedeas granted by the Court of Common Pleas and reversed the supersedeas granted by the Superior Court and ordered that the status quo of November 24, 1976 be maintained. The Court's order provided in relevant part:

Application granted. The order of the Court of Common Pleas of Delaware County granting a supersedeas is reinstated and the order of the Superior Court in granting supersedeas is reversed.

Sun petitioned the Supreme Court for reargument as to the December 27 order and on January 5, 1977, the petition was denied. Although the Supreme Court's December 27 order granted the plaintiff's prayer that the original supersedeas be reinstated and that the status quo of November 24, 1976 be maintained and although the Supreme Court had not yet ruled on Sun's application for reargument as to that order, Sun, on December 29, 1976, made settlement on the sale of the premises in question and transferred title to defendant Mor.

On January 11, 1977, plaintiff entered a supersedeas bond in the amount required by the December 9 order of the Court of Common Pleas. Plaintiff then petitioned the Court of Common Pleas to order defendants Sun and Mor to return possession of the premises to him or be held in contempt. By order dated June 27, 1977, the Court of Common Pleas dismissed plaintiff's petition. Plaintiff then petitioned the Supreme Court for relief from the June 17 order and the Supreme Court, sua sponte, set the matter down for argument. On June 2, 1978, the Supreme Court reversed the June 27 order of the Court of Common Pleas, stayed the December 1, 1976 execution in favor of Sun, and ordered that the status quo of November 24, 1976 be reinstated pending the outcome of plaintiff's appeal on the merits of the ejectment action. On August 21, 1978, the Court of Common Pleas ordered Sun and Mor to deliver possession of the premises to plaintiff within thirty days. Sun appealed to the Superior Court and by order dated September 25, 1978, the Superior Court vacated the initial November 24, 1976 order of the Court of Common Pleas and remanded the case to the Common Pleas Court for consideration in light of *Atlantic Richfield Co. v. Razumic*, 480 Pa. 366, 390 A.2d 736 (1978). The Common Pleas Court proceeded to trial in accordance with *Atlantic Richfield, supra*, and on February 8, 1979, denied exceptions to its verdict in favor of Sun. Plaintiff appealed to the Superior Court and the matter is presently awaiting argument before that court.

The basis of plaintiff's civil rights claim is that all the defendants, in executing on the writ of possession obtained pursuant to the order of the Delaware County Court of Common Pleas, conspired to obtain the subject premises in disregard of a "well-established custom, usage and practice in Delaware County and the surrounding counties to permit a defendant from ten to thirty days to remove his personal property from premises and/or to File an Appeal and a Petition For a Supersedeas prior to the execution of the Writ of Possession and in further disregard of the Pennsylvania Rules of Civil Procedure." (Complaint ¶ 1 and ¶ 40).

Each of the defendants have moved to dismiss plaintiff's complaint pursuant to Fed.R.Civ.P. 12(b)(6) for failure to state a claim upon which relief can be granted. For the reasons stated below, this Court will grant the Fed.R.Civ.P. 12(b)(6) motions as to all defendants.

 Before turning to the issues raised by the defendants' motions to dismiss pursuant to Fed.R.Civ.P. 12(b)(6), this Court notes preliminarily that, in ruling upon a motion to dismiss for failure to state a claim upon which relief can be granted, a court must accept as true all well-pleaded allegations of the complaint, construing them in a light most favorable to the plaintiff. *Scheuer v. Rhodes,* 416 U.S. 232, 236, 94 S.Ct. 1683, 1686, 40 L.Ed.2d 90 (1974). In addition, this Court is mindful of the well-established rule that a complaint should not be dismissed for failure to state a claim "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson,* 355 U.S. 41, 45–46, 78 S.Ct. 99, 102, 2 L.Ed.2d 80 (1957) (footnote omitted).

At the outset, we deal with plaintiff's claim under 42 U.S.C. § 1985(3). All the defendants have moved to dismiss plaintiff's § 1985(3) claim pursuant to Fed.R. Civ.P. 12(b)(6). This Court has concluded that plaintiff's § 1985(3) claim must be dismissed because no class-based discriminatory animus has or could be pleaded to satisfy the requirements of *Griffin v. Breckenridge,* 403 U.S. 88, 91 S.Ct. 1790, 29 L.Ed.2d 338 (1971), or its progeny in this Circuit.

 Section 1985(3), in part, forbids conspiracies entered into "for the purpose of depriving, either directly or indirectly, any person or class of persons of the equal protection of the laws, or of equal privileges and immunities under the laws...." The Supreme Court has interpreted this language to mean that "there must be some racial, or perhaps otherwise class-based, invidiously discriminatory animus behind the conspirators' action." *Griffin v. Breckenridge, supra,* 403 U.S. at 102, 91 S.Ct. at 1798 (footnote omitted). In his memoran-

dum of law in opposition to defendants' motion to dismiss, plaintiff has argued that he is a member of that class of persons against whom writs of possession have been issued in Delaware County, Pennsylvania and that he is being discriminated against because of his membership in that class.

In extending the protection of § 1985(3) to classes distinguished by gender, our Third Circuit Court of Appeals reasoned as follows:

> The principle that individuals should not be discriminated against on the basis of traits for which they bear no responsibility makes discrimination against individuals on the basis of immutable characteristics repugnant to our system. The fact that a person bears no responsibility for gender, combined with the pervasive discrimination practiced against women, and the emerging rejection of sexual stereotyping as incompatible with our ideals of equality convince us that whatever the outer boundaries of the concept, an animus directed against women includes the elements of a "class-based invidiously discriminatory" motivation.

*Novotny v. Great American Federal Savings & Loan Association,* 584 F.2d 1235, 1243 (footnotes omitted) (3d Cir. 1978) (*en banc*), *cert. granted,* 439 U.S. 1066, 99 S.Ct. 830, 59 L.Ed.2d 30 (1979). Furthermore, in *Carchman v. Korman Corp.,* 594 F.2d 354 (3d Cir. 1979), the Court distinguished tenant organizers as a class from classes distinguished by race or gender and held that tenant organizers do not constitute a class protected by § 1985(3) on the grounds that "animus against tenant organizers is not based upon 'immutable characteristics' for which the members of the class have no responsibility;" that being a tenant organizer is not an accident of birth; and that tenant organizers do not appear to have been victims of "historically pervasive discrimination." *Id.* at 356. Likewise, animus against that class of persons against whom writs of possession have been issued, if it exists at all, is not based upon "an immutable characteristic resulting from an accident of birth for which a person bears no respon-

sibility." Further, plaintiff is clearly not a member of a group which has historically been the victim of discrimination. Plaintiff has pleaded no "class-based animus" as the term has been defined by the United States Supreme Court and the Third Circuit. Accordingly, plaintiff's claim under § 1985(3) will be dismissed as to each of the defendants.

■ We next consider plaintiff's claim under 42 U.S.C. § 1983. The Supreme Court of the United States has made it clear that in order to recover in a § 1983 action a plaintiff must prove two essential elements. First, the plaintiff must prove that the defendants have deprived him of a right secured by the "Constitution and laws" of the United States. Second, the plaintiff must prove that the defendants deprived him of this constitutional right "under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory." This second element requires that the plaintiff show that the defendant acted "under color of law." *Adickes v. S. H. Kress & Co.*, 398 U.S. 144, 150, 90 S.Ct. 1598, 1604, 26 L.Ed.2d 142 (1970). *See also Parratt v. Taylor*, 451 U.S. 527, 535, 101 S.Ct. 1908, 1913, 68 L.Ed.2d 402 (1981). Plaintiff's allegations clearly fail to satisfy either of these requirements.

■ The basis of plaintiff's § 1983 claim, as set forth in the complaint, is *not* that the defendants have violated his constitutional rights under color of a "statute, ordinance, regulation, custom, or usage" of the State, but rather that the defendants' failure to comply with an alleged local custom deprived him of his constitutional rights. This contention misconstrues the purpose of § 1983. The touchstone of a § 1983 action is an allegation that a "custom or usage" of the State has been responsible for a deprivation of constitutional rights. *Monell v. Department of Social Services*, 436 U.S. 658, 690, 98 S.Ct. 2018, 2036, 56 L.Ed.2d 611 (1978). According to plaintiff's complaint, the custom in Delaware County which he alleges is a custom to allow a grace period prior to execution on a writ of possession. Plaintiff does not, however, allege that this

custom (if such exists) has deprived him of any constitutional right. His allegation is that it was the failure of the defendants to follow this alleged custom which deprived him of a constitutional right. It is only when a state custom or usage deprives a person of a constitutional right that a cause of action arises pursuant to § 1983. *Monell, supra*, at 690–91, 694, 98 S.Ct. at 2035–2036, 2038 (footnotes omitted).

■ Furthermore, as heretofore pointed out, it is essential in a § 1983 action that plaintiff allege that he has been denied a right which merits constitutional protection. Plaintiff alleges a right to continued possession of the premises after the writ of possession has been served. The source of this alleged right is a "custom, usage and practice of Delaware County and the surrounding counties to allow a defendant a period of between ten and thirty days after the service of a Writ of Possession to remove personal property from the premises and/or to file an Appeal and Petition for Supersedeas." (Complaint ¶ 40). The issue thus presented is whether this alleged right rises to the level of a constitutionally protected interest.

An analogous situation was presented in *Tarasi v. Pittsburgh National Bank*, 401 F.Supp. 420 (W.D.Pa.1975). In that case, plaintiff was legally indebted to the defendant bank and the bank filed judgment notes against plaintiff. Plaintiff satisfied his debt within a short time after the state action was commenced by selling certain stock at a great loss. Plaintiff argued that the bank's failure to grant him a grace period within which to pay his debt before the bank would institute legal proceedings against him constituted denial of equal protection of the law. Consequently, plaintiff commenced a § 1985(3) action against the bank and other individuals alleging a conspiracy to deprive him of equal protection of the laws. The court rejected plaintiff's grace period argument:

This is a *non sequitur* since if PNB had a valid judgment as it apparently did, it was under no obligation or duty to afford plaintiff a "grace period" prior to execu-

ting on the judgment. While we assume that the repeated reference to PNB's failure to afford plaintiff a grace period is intended to be indicative of a conspiracy against the plaintiff, *the existence of such a conspiracy is immaterial if it did not deny plaintiff a right he would have had but for the conspiracy.* 401 F.Supp. at 421, n. 4. (emphasis added).

Another decision particularly on point is *Universal Athletic Sales Co. v. American Gym,* 480 F.Supp. 408 (W.D.Pa.1979). There the plaintiffs were awarded damages for copyright infringement pursuant to a judgment rendered on July 24, 1974. On September 12, 1974, plaintiffs issued a writ of execution upon which a levy was made. Thereafter, defendants filed a motion to stay the writ but failed to post a bond as required by the court order. The court held that not only was it proper to execute on an appealed judgment where no supersedeas bond had been filed but also that it might be a matter of malpractice on an attorney's part "not to take all legitimate steps to collect a judgment in favor of his client because otherwise the assets subject to execution might disappear or be frittered away in a losing business." 480 F.Supp. at 422. In addition, the court, citing *Tarasi, supra,* went on to find that since the plaintiff was proceeding pursuant to a valid judgment there was no obligation on the part of the plaintiff to extend a grace period to the defendant. Likewise, defendants in the present case executed the writ of possession pursuant to a valid judgment rendered by the Court of Common Pleas of Delaware County on November 24, 1976. Consequently, this Court, like the *Tarasi* and *Universal Athletic Sales Co.* courts, concludes that the defendants were under no obligation or duty to afford plaintiff a grace period prior to executing on the judgment.

Plaintiff has conclusorily alleged that the defendants' service and execution of the writ of possession prior to the expiration of the time within which he had to petition for the issuance of a supersedeas was "in disregard of the law of the Commonwealth of Pennsylvania." (Complaint ¶ 40). This is erroneous. Defendants had a legal right under the Pennsylvania Rules of Civil Procedure to enforce their judgment for possession immediately upon the entry of judgment, regardless of any right of appeal by the plaintiff. Pa.R.Civ.P. 3161 provides that the procedure for enforcing a judgment for possession shall be in accordance with the rules governing the enforcement of judgments for the payment of money with respect to the commencement and issuance of writs. Accordingly, the commentary to Pa.R.Civ.P. 3103 expressly provides that execution of a writ may commence upon the filing of the praecipe "*immediately upon the entry of judgment, regardless of posttrial motions and even of the filing of an appeal.*" (emphasis added). *See* 9 Goodrich-Amram 2d § 3103(a):1.1 (1977). The Pennsylvania rules of court also provide for relief after the fact of execution. *See* Pa.R.Civ.P. 3162; Pa.R.App.P. 1733, 1735(a). In fact, plaintiff invoked these post-execution procedures in petitioning the Pennsylvania Supreme Court for review of the allowance of special supersedeas granted by the Pennsylvania Superior Court. The Supreme Court, while not addressing the issue of whether plaintiff had a right to continued possession pursuant to some local custom, held that the plaintiff did in fact timely file his security within the meaning of Pa.R.App.P. 1735(a). Consequently, the Supreme Court reversed the order of the Delaware County Court of Common Pleas refusing plaintiff possession, stayed the execution in favor of defendant Sun and ordered that the status quo of November 24, 1976 be reinstated pending the outcome of plaintiff's appeal on the merits of the ejectment action. *Sun Oil Co. of Pennsylvania v. Banghart,* 479 Pa. 234, 388 A.2d 304 (1978). At the very least, this Court reads that decision by the highest court of Pennsylvania as an expression that both the plaintiff's and defendants' rights in this matter are to be governed by the pertinent Pennsylvania rules of court and not by some supposed local custom that is clearly in derogation of those rules. Plaintiff has not undertaken a constitutional attack on the Pennsylvania Rules of Civil Procedure.

Rather, plaintiff has erroneously alleged that the Pennsylvania rules of court afforded him a "right" to continued possession.

The *Tarasi* and *Universal Athletic Sales Co.* holdings and the aforementioned Pennsylvania rules of court, by expressly permitting execution of a writ of possession immediately upon entry of judgment and by providing mechanisms for regaining possession of premises after execution of a writ of possession, establish that the claimed custom of allowing a grace period before execution of a writ of possession for removal of personal property from the premises and/or for application for supersedeas is not a right under the laws of Pennsylvania and certainly is not a right which would merit constitutional protection. In predicating his § 1983 claim upon the denial of this "right" to continued possession, plaintiff has failed to satisfy the *Adickes* command that there be a deprivation of some constitutional right before a viable § 1983 claim can be maintained. Consequently, the existence of any conspiracy against the plaintiff is immaterial since it did not deny plaintiff a right he would have had but for the conspiracy. Accordingly, this Court concludes that plaintiff's complaint must be dismissed because it does not state a cause of action pursuant to § 1983 for the following reasons hereinbefore discussed: (1) the complaint fails to allege that the plaintiff has been deprived of a right secured by the "Constitution and laws" of the United States; and (2) the complaint fails to allege that the defendants acted "under color of any statute, ordinance, regulation, custom, or usage of any State or Territory."

Plaintiff also alleges that the allegations heretofore set forth violated his rights under the Fifth and Fourteenth Amendments of the United States Constitution. As noted above, plaintiff has alleged causes of action under § 1983 and § 1985(3) which are premised on constitutional claims. This Court agrees with the conclusions reached in *Shirey v. Bensalem Tp.*, 501 F.Supp. 1138 (E.D.Pa.1980); *Jones v. City of Philadelphia*, 481 F.Supp. 1053 (E.D.Pa.1979); and *Kedra v. City of Philadelphia*, 454 F.Supp. 652 (E.D.Pa.1978) that it would serve no useful purpose to allow a cause of action based directly on a violation of the Constitution in those situations where Congress has fashioned a statutory cause of action. Accordingly, plaintiff's allegation of a cause of action based upon alleged violations of the Fifth and Fourteenth Amendments of the United States Constitution will likewise be dismissed for all the reasons heretofore set forth.

The defendants Upper Darby Police Department, Devlin, Zubriski and Stromberg and defendants Sheriff of Delaware County, Taylor, Love and McPartland, respectively, further assert that they are immune from suit on the ground that sheriffs and police officers are immune while executing a writ at the direction of the court. In view of the determination that the complaint fails to state a cause of action the immunity questions will not be discussed.

Accordingly, the Court will enter an order dismissing the plaintiff's complaint as to all defendants.