**Michael MORRIS**

v.

**COLECO INDUSTRIES, etc., et al.**

**Civ. A. No. 83–0662–R.**

United States District Court,
E.D. Virginia,
Richmond Division.

March 16, 1984.

Rudy, Gill, Keown & Dicks, William Keown, Thomas S. Winston, III, Chesterfield, Va., Ronald R. Gilbert, Detroit, Mich., for plaintiffs.

J.W. Morris, III and John M. Claytor, Browder, Russell, Morris & Butcher, Richmond, Va., for Coleco Industries and Lomart Industries.

Barry A. Hackney and John R. Walk, Hirschler, Fleischer, Weinberg, Cox & Allen, Richmond, Va., for defendants.

Lawrence H. Framme, III, Beverly C. Powell, Mezzullo, McCandlish & Framme, Richmond, Va., for National Spa & Pool Institute.

## OPINION

WARRINER, District Judge.

Although the complaint uses at least forty words where one would have better stated the claim, I gather that plaintiff, a teenager at the time, dove head-first into an above-ground four foot swimming pool and severely injured himself. There being no diversity an action was filed in State court against the several designers, manufacturers, retailers, and a trade association seeking damages.

Simultaneously an action was filed in this Court alleging, it seems, the common law claims and adding a claim under the Consumer Product Safety Act, 15 U.S.C. § 2051 *et seq.* It is plaintiff's theory, supported by case authority, that a failure of a manufacturer, distributor, or retailer to disclose mishaps associated with a product as required by 15 U.S.C. § 2064 gives a private cause of action under 15 U.S.C. § 2072 to any person who alleges that he was injured by reason of a failure to report or disclose such a mishap. Plaintiff, in his brief, primarily relies upon Judge Murray's opinion in *Butcher v. Robertshaw Controls,* 550 F.Supp. 692 (D.Md.1981) and on *Young v. Robertshaw Controls,* 560 F.Supp. 288 (N.D.N.Y.1983).

Though I have great respect for Judge Murray and his opinion discusses the question at issue in great detail and with perceptiveness, I am not persuaded that he has correctly divined the law. Specific provisions dealing with a failure to report are contained in the Act. Sections 2069 and 2070 provide civil and criminal penalties as means for enforcing the disclosure requirements of § 2064. Further, the requirement to disclose is not a requirement based upon a rule or order of the Commission. It is a requirement predicated upon the statute itself. Further, it appears illogical to me that Congress would have supposed that a

failure to disclose a mishap to the Commission might proximately cause an injury. Finally, such an interpretation of the Act would for all practical purposes constitute district courts as special tribunals for the trial of products liability cases in the consumer field. Nothing I have read leads me to believe Congress intended such a sweeping change in the relative functions of State and federal courts. I hold no private claim exists for a failure to disclose under § 2064.

With respect to defendant National Spa & Pool Institute, even if a private cause of action existed, it would not exist as to that defendant. It is neither a manufacturer, nor a distributor, nor a retailer of consumer goods. Only those entities, under any interpretation of the statute and rules, would be required to disclose.

■ With respect to the common law claims asserted in this action, there is no common nucleus of operative facts with the federal claim asserted. The federal claim attempts to assert the liability of the defendants on the basis of their failure to disclose mishaps to the Commission. Proof of failure to disclose, and proof of the remedial action which would have been taken by the Commission as a result of disclosure, and proof of how that remedial action would have affected plaintiff and defendants, all involve factual questions and inferences quite separate and apart from the run-of-the-mill products liability case which plaintiff asserts in his pendent claims. Accordingly, even if there were a federal claim pending, the Court could not entertain the pendent common law claims.

Finally, and for the reasons stated in *Miles v. Grove Manufacturing Co.*, 537 F.Supp. 885 (E.D.Va.1982), this repetitive suit benefits no one. If plaintiff has a claim under § 2072, it could be and could have been as well asserted in the State court as here. I have tried to figure out a reason why plaintiff would want to have parallel litigation proceeding in two trial courts with respect to the one and same injury. No reason presents itself and plaintiff has not asserted any such reason

that I can understand. Two suits doing the job of one in this instance is wholly wasteful of judge time, lawyer time, and clients' money.

For all the foregoing reasons, this action should and must be DISMISSED.

An appropriate judgment SHALL issue.

And it is so ORDERED.