Elaine J. KAHN, individually and as next friend of Belton Troy Holder, III, a minor, Plaintiff,

v.

SEARS, ROEBUCK AND CO., U.S.A., Manco Products, Inc., and Tecumseh Products Company, Defendants.

Civ. A. No. C 82–1483 A.

United States District Court,
N.D. Georgia,
Atlanta Division.

March 26, 1985.

Gilbert H. Deitch & Gerald Kline, Bauer, Deitch & Raines, Atlanta, Ga., for plaintiff.

W. Anthony Moss, Ben L. Weinberg, Jr., Long, Weinberg, Ansley & Wheeler, Atlanta, Ga., for Tecumseh.

Ronald L. Reid, Alston & Bird, Atlanta, Ga., for Sears, Roebuck & Co.

Glenn Frick, Lokey & Bowden, Atlanta, Ga., for Marnco Products, Inc.

## ORDER

VINING, District Judge.

This is a product liability case growing out of an incident which occurred on June 29, 1981, when the plaintiff's son, an eleven-year-old, received burns and other injuries when a fun-kart he was operating overturned and the fuel tank burst into flames.

The fun-kart, which had been sold by Sears, Roebuck and Company, had been assembled by Manco Products, Inc., and was propelled by a gasoline engine manufactured by Tecumseh Products Company.

The original action and amendments thereto contain several causes of action,

among them an allegation that the defendants violated the Consumer Products Safety Act, 15 U.S.C. § 2051, *et seq.* The plaintiff, Elaine J. Kahn, individually, seeks to recover for mental pain and emotional distress that she says she suffered upon learning of her child's injury.

Each of the defendants has moved for summary judgment asserting that the Consumer Products Safety Act does not provide for a private right of action and that Kahn does not have an individual cause of action for mental pain or emotional distress in connection with her child's injury because she was not present when the child was injured.

■ The plaintiff does not have a cause of action for mental pain or emotional distress alleged have occurred upon her learning of her child's injury because she was not present at the time the injury happened. *Southern Ry. Co. v. Jackson,* 146 Ga. 243, 91 S.E. 28 (1916); *Strickland v. Hodges,* 134 Ga.App. 909, 216 S.E.2d 706 (1975); *Goddard v. Watters,* 14 Ga.App. 722, 82 S.E. 304 (1914).

Sears and Manco have also moved to dismiss Count V and Count VIII, respectively, of the plaintiff's amended complaint which allege a violation of 15 U.S.C. §§ 2064, 2068, and 2069, in that Sears and Manco failed to take any action to notify any governmental agency that they had notice that the fun-karts were unsafe, defective, and dangerous even though they had allegedly obtained information which would reasonably support the conclusion that the fun-karts failed to comply with applicable consumer products safety rules or contained a defect which could create a substantial product hazard.

The code sections relied upon by the plaintiff do not themselves provide for a private right of action; the plaintiff instead relies upon 15 U.S.C. § 2072 which provides, "Any person who shall sustain injury by reason of any knowing (including willful) violation of a consumer products safety rule, or any other rule or order issued by the [Consumer Products Safety] Commission may sue any person who knowingly (including willfully) violated any such rule or order...." The clear, unambiguous wording of section 2072 provides a private cause of action only for the violation of a rule or order promulgated by the Consumer Products Safety Commission and does not provides a private cause of action for violation of section 2064, section 2068, or section 2069. The plaintiff contends, however, that she has a cause of action for Sears' and Manco's alleged failure to comply with the reporting requirements of section 2064(b) as detailed in certain interpretive rules issued by the Commission at 16 C.F.R. § 1115.1 *et seq.*

■ Whether section 2072 provides a private cause of action for failure to comply with interpretive rulings regarding the filing of certain information with the Commission is a question of first impression in this circuit. This court declines to follow the reasoning set forth in *Young v. Robertshaw Controls Co.,* 560 F.Supp. 288 (N.D. N.Y.1983), and *Butcher v. Robertshaw Controls Co.,* 550 F.Supp. 692 (D.Md.1981), which found that section 2072 did provide a cause of action for the failure to comply with the interpretive rules. This court believes that the reasoning set out in *Morris v. Coleco Industries,* 587 F.Supp. 8 (E.D. Va.1984), provides the better rule. As the *Morris* court noted, "Specific provisions dealing with a failure to report are contained in the Act. Sections 2069 and 2070 provide civil and criminal penalties as means for enforcing the disclosure requirements of § 2064. Further, the requirement to disclose is not a requirement based upon a rule or order of the Commission. It is a requirement predicated upon the statute itself. Further, it appears illogical to me that Congress would have supposed that a failure to disclose a mishap to the Commission might proximately cause an injury." 587 F.Supp. at 9–10. This court holds that section 2072 was intended to give a cause of action only for the violation of a substantive rule promulgated by the Commission and not to any administrative rule which simply interprets the statute with

respect to filing information with the Commission.

For the foregoing reasons, the defendants' motions for summary judgment on the plaintiff's claim for mental and emotional distress and the defendants' motions to dismiss Counts V and VIII of the complaint, alleging a violation of the Consumer Products Safety Act, are GRANTED.