Thomas **PITCAVAGE, Sr., Administrator of the Estate of Karen Pitcavage, Deceased; Thomas Pitcavage, Sr., Administrator of the Estate of Thomas Pitcavage, Jr., Deceased; Melissa Pitcavage a minor, by Thomas Pitcavage, her parent and natural guardian and Thomas Pitcavage, Sr., Individually and in his own right, Plaintiffs,**

v.

**MASTERCRAFT BOAT COMPANY, Defendant and Third-Party Plaintiff.**

and

**BAJA BOAT COMPANY, INC., Defendant**

v.

**Denis J. ABRAMOVAGE**

and

**Mark D. TURNER and Ralph Turner, Third-Party Defendants and Fourth-Party Plaintiffs**

v.

**Leonard J. PALLIS, Jr., Fourth-Party Defendant.**

No. 85–560.

United States District Court, M.D. Pennsylvania.

Sept. 23, 1985.

On Motion to Strike Sept. 30, 1985.

On Motion to Dismiss Oct. 16, 1985.

---

Perry J. Shertz, Stephen J. Fireoved, Rosenn, Jenkins & Greenwald, Wilkes-Barre, Pa., for plaintiffs.

Edward B. Joseph, Ominsky, Joseph & Welsh, Philadelphia, Pa., Z.R. Bialkowski, Bialkowski, Fine & Bialkowski, Scranton, Pa., for Mastercraft Boat Co.

Edward C. German, Dean F. Murtagh, Germann, Gallagher & Murtagh, Philadelphia, Pa., for Baja Boats, Inc.

Charles A. Shaffer, Wilkes-Barre, Pa., for Ralph Turner and Mark D. Turner.

Anthony B. Panaway, Robert T. Panowicz, Wilkes-Barre, Pa., for Leonard J. Pallis, Jr.

## MEMORANDUM AND ORDER

NEALON, Chief Judge.

Plaintiffs filed two (2) diversity actions against Defendants Mastercraft Boat Company ("Mastercraft") and Baja Boats, Inc. ("Baja") seeking to be compensated for injuries sustained when a Mastercraft boat allegedly struck a Baja boat. Jurisdiction is proper pursuant to 28 U.S.C. § 1332. The Mastercraft boat was owned by Ralph Turner and Mark D. Turner and operated by Denis J. Abramovage. The Baja boat was owned and operated by Leonard J. Pallis. In their complaint, plaintiffs seek recovery on theories of negligence, strict liability and breach of warranty. Defendant Mastercraft filed a third-party complaint pursuant to Fed.R.Civ.P. 14(a) against Ralph Turner, Mark D. Turner and Denis J. Abramovage on June 11, 1985. Mastercraft alleges that the third-party defendants negligently caused or contributed to the accident so as to be liable to Mastercraft for any or all sums which may be adjudged due to plaintiffs. Jurisdiction over this claim is proper pursuant to the court's ancillary jurisdiction. Presently before the court is plaintiffs' Motion to Strike the Third-Party Claim. Defendant Mastercraft has opposed the motion and the matter is now ripe for disposition. For the reasons set forth below, the motion will be denied.

## DISCUSSION

Fed.R.Civ.P. 14(a) provides that a defendant may implead "a person not a party to the action who is or may be liable to him for all or part of the plaintiff's claim against him." In order to utilize the procedure of Rule 14, a third-party plaintiff must demonstrate some substantive basis for its claim. *Robbins v. Yamaha Motor Corp., U.S.A.*, 98 F.R.D. 36 (M.D.Pa.1983). Rule 14(a) is procedural and does not create any right to seek indemnification or contribution. *Cook v. Cook*, 559 F.Supp. 218 (E.D.Pa.1983). The third-party plaintiff must allege that the third-party defendant is or may be liable to it for all or part of the plaintiff's claim against the third-party plaintiff. *See* Fed.R.Civ.P. 14(a). Impleader is not proper when the third-party plaintiff alleges only that the third-party defendant is solely liable to the plaintiff. *See Tiesler v. Martin Paint Stores, Inc.*, 76 F.R.D. 640 (E.D.Pa.1977).

In their briefs, plaintiffs contend that Mastercraft is asserting that the third-party defendants are solely liable to plaintiffs. *See* Document 21 of Civil No. 85–0560 and Document 17 of Civil No. 85–0561. An examination of the third-party complaint, however, reveals that Mastercraft seeks contribution and/or indemnity from the third-party defendants. *See* Document 11 of Civil No. 85–0560 and Document 10 of Civil No. 85–0561. Therefore, Mastercraft asserts claims cognizable under Rule 14(a) if it may be entitled to contribution or indemnity from the third-party defendants. *See O'Mara Enterprises, Inc. v. Mellon Bank*, 101 F.R.D. 668 (W.D.Pa.1983).

Plaintiffs maintain that Mastercraft has no substantive basis to recover contribution or indemnification from the third-party defendants. In making this determination, the court, sitting in diversity, is bound to apply the law of Pennsylvania.[1] *See Erie*

---

1. In Pennsylvania, indemnification is limited to those situations in which defendants' liability is secondary or when an indemnification contract exists. *Builders Supply Co. v. McCabe*, 366 Pa.

*Railroad v. Tompkins,* 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188 (1938). Mastercraft's right to contribution from the third-party defendants depends on the determination of whether Mastercraft and the third-party defendants can be considered joint tortfeasors. *See Robbins v. Yamaha Motor Corp., U.S.A.,* 98 F.R.D. 36 (M.D.Pa. 1983).

■ Pennsylvania law permits contribution among joint tortfeasors. *See* Pa.Cons. Stat.Ann. tit. 42, § 8324(a) (Purdon 1982). A joint tortfeasor "means two or more persons jointly or severally liable in tort for the same injury to persons or property, whether or not judgment has been recovered against all or some of them." *Id.* at § 8322. To be a joint tortfeasor, "the parties must either act together in committing the wrong, or their acts, if independent of each other, must unite in causing a single injury." *Lasprogata v. Qualls,* 263 Pa.Super. 174, N. 4, 397 A.2d 803, 805 n. 4 (1979). In the present case, plaintiff is claiming, *inter alia,* that Defendant Mastercraft caused plaintiff's injuries. Mastercraft, in turn, alleges that the third-party defendants contributed to or caused plaintiffs' injuries. Thus, Mastercraft maintains that the third-party defendants are liable to Mastercraft for all or part of the plaintiffs' claim.

Plaintiffs rely on *Robbins v. Yamaha Motor Corp., U.S.A.,* 98 F.R.D. 36 (M.D.Pa. 1983), in support of their position. In *Robbins,* this court held that a manufacturer, against whom a claim based on the crashworthiness doctrine was made, could not join the driver of an automobile involved in the accident as a third-party defendant. In a footnote, however, this court stated:

> We do not perceive the analysis of 'second collision' or 'enhanced injury' cases to track the legal lore surrounding concurrent tortfeasor actions which, in the concurrence's formulation, 'have combined contemporaneously to cause the in-

juries.' (citation omitted). 'Second collision' cases do not implicate 'clearly established double fault' for the same occurrence.... Analogies to concurrent actions combining to cause a single impact are simply not applicable.

*Id.* at 40, n. 3 *citing Huddell v. Levin,* 537 F.2d 726 (3d Cir.1976). The present case does not involve two "separate collisions." On the other hand, as Mastercraft contends, this case is more closely akin to the situation when two alleged tortfeasors combine contemporaneously to cause injury.

The Pennsylvania Superior Court's decision in *Lasprogata v. Qualls,* 263 Pa.Super. 174, 397 A.2d 803 (1979), tends to support Mastercraft's position. In *Lasprogata,* the court held that a tortfeasor originally causing an injury and a physician who subsequently aggravates or causes a new injury are not joint tortfeasors. More specifically, the court stated "the acts of the original wrongdoer and the negligent physician are severable as to time, neither having the opportunity to guard against the other's acts, and each breaching a different duty owed to the injured plaintiff." *Id.* at 179, 397 A.2d at 805. While it can be argued that the third-party defendants acted at different times, etc., Mastercraft is alleging that if it is liable, then the third-party defendants either acted together with it or contributed to causing plaintiff's injuries. *See Lasprogata, supra.* If the tortious conduct of two (2) or more persons causes a single harm which cannot be apportioned, the actors are joint tortfeasors even though they may have acted independently. *See Capone v. Donovan,* 332 Pa. Super. 185, 480 A.2d 1249 (1984).

■ Plaintiffs assert that the third-party complaint should be stricken because it is based on a different legal theory than relied on by plaintiffs. For purposes of Rule 14, it is immaterial that the liability of the third party is not identical to or rests

322, 77 A.2d 368 (1951). Apparently, no such contract exists in this case. Furthermore, Mastercraft's liability, if any, cannot be said to rest on constructive or implied fault. *Id.* Therefore, the court proceeds with the analysis as if

Mastercraft seeks contribution from the third-party defendants. *See TVSM, Inc. v. Alexander & Alexander, Inc.,* 583 F.Supp. 1089 (E.D.Pa. 1984); *Tesch v. United States,* 546 F.Supp. 526 (E.D.Pa.1982).

on a different theory than that underlying plaintiffs' claim. *Tiesler v. Martin Paint Stores, Inc.,* 76 F.R.D. 640 (E.D.Pa.1977); *see also Crude Crew v. McGinnis & Associates, Inc.,* 572 F.Supp. 103 (E.D.Wis.1983) (impleader proper; not necessary that claim alleged in third-party complaint be based on same theory as original complaint if both claims arise out of same occurrence). The precise issue before this court is whether under Pennsylvania law, a defendant who may be liable to a plaintiff on a strict liability theory would be entitled to contribution from additional defendants who may be found negligent, particularly when the alleged negligent defendant is a purchaser or user of a product which is later determined to be defective.[2]

In *Stewart v. Uniroyal, Inc.,* 72 Pa. D & C 2d 206 (Allegheny Co.1975), *aff'd per curiam,* 238 Pa.Super. 726, 356 A.2d 821 (1976), the court relied on *Chamberlain* and permitted contribution between a § 402 tortfeasor and a negligent tortfeasor. In *Stewart,* the jury found that the defective

product and the negligent defendants concurrently caused plaintiff's harm. Thus, the common liability between all defendants was affirmed. *Id.* Similarly, in *Capuano v. Echo Bicycle Co.,* 27 Pa. D & C 3d 524 (Northampton Co.1982), the court relied on *Chamberlain*[3] and applied the Uniform Contribution Among Tortfeasors Act[4] ("UCATA") to determine the contribution rights between a strictly liable and a negligent defendant. The court reasoned that to refuse contribution in this type of case would be to give absolutely no effect to the UCATA. "The theory is that as between the two tortfeasors the contribution is not a recovery for the tort but the enforcement of an equitable duty to share liability for the wrong done." *Id.* at 528.

In the present case, the third-party defendants may be liable to Mastercraft for contribution if it is later determined that the third-party defendants "contributed" to the accident.[5] It is not necessary that the third-party defendants be automatically liable for all or part of plaintiffs'

---

**2.** Several federal courts sitting in Pennsylvania have considered this issue. In *Chamberlain v. Carborundum Co.,* 485 F.2d 31 (3d Cir.1973), the Third Circuit Court of Appeals interpreted Pennsylvania law and enforced a manufacturer's right to contribution from a negligent purchaser/user even though the manufacturer's liability was based on strict liability. *See also W.D. Rubright Co. v. International Harvester Co.,* 358 F.Supp. 1388 (W.D.Pa.1973) (contribution permitted between joint tortfeasors when one is responsible under strict liability rule for product defect and other is responsible for an act of negligence; two tortfeasors acted as concurrent causes); *Walters v. Hiab Hydraulics, Inc.,* 356 F.Supp. 1000 (M.D.Pa.1973) (§ 402A does not deprive the manufacturer of its right to contribution from a third party whose negligence was a proximate cause of the injury.) *Contra Rhoads v. Ford Motor Co.,* 374 F.Supp. 1317 (W.D.Pa.1974), *aff'd* 514 F.2d 931 (3d Cir.1975) (contribution only among parties *in pari delicto;* no contribution for defendant manufacturer from third-party consumer). In *Bike v. American Motors Corp.,* 101 F.R.D. 77 (E.D.Pa.1984), the court noted that the *Chamberlain* decision preceded *Lasprogata* and stated that the *Chamberlain* court's prediction of Pennsylvania law was undermined. The *Bike* court felt that the separation of negligence from product liability cases leads to the determination that the Joint Tortfeasors Act is inapplicable. *Id.* at 83. Thus, the manufacturer's motion to file a third-party

complaint against the driver to allege the driver's negligence was denied. *Id. See also Conti v. Ford Motor Co.,* 578 F.Supp. 1429 (E.D.Pa. 1983), *rev'd on other grounds,* 743 F.2d 195 (3d Cir.1984) (strict liability of manufacturer is not on same legal plane as negligence of user; Joint Tortfeasors Act inapplicable). In *Conti,* the Third Circuit Court of Appeals specifically did not address this issue. Clearly, the lack of significant Pennsylvania authority has caused a plethora of divergent views on the subject among federal courts interpreting Pennsylvania law.

**3.** The court found the *Stewart* case to be significant in this regard but noted that no Pennsylvania appellate court authority resolving the issue could be found. This court, however, deems the Superior Court's *per curiam* affirmance of *Stewart* to be noteworthy absent any other pronouncement in Pennsylvania. In support of its decision, the *Capuano* court also relied on the federal court opinions in *Rubright, supra* and *Walters, supra.*

**4.** Pa.Cons.Stat.Ann. tit. 42, §§ 8321–8327 (Purdon 1982).

**5.** The court is cognizant of plaintiff's reliance on *Baker v. Outboard Marine Corp.,* 595 F.2d 176 (3d Cir.1979) and *Eshbach v. W.T. Grant's & Co.,* 481 F.2d 940 (3d Cir.1973). These cases, however, concern the efficacy of certain jury in-

claim. Impleader is proper if under some construction of facts which might be adduced at trial, recovery by the third-party plaintiff would be possible. *See Tiesler v. Martin Paint Stores, Inc.,* 76 F.R.D. 640 (E.D.Pa.1977).

■ Finally, plaintiffs maintain that the third-party suit will prejudice plaintiffs' case against the original Defendant Mastercraft.[6] Plaintiffs contend that they should be able to proceed with their case without having a legal issue, which should not be considered by the jury, becoming a potential obstacle to recovery. *See* Document 38 of the Record. This argument fails for reasons already discussed. *See* n. 5 *supra* at 847–48. The issue of the third-party defendants' negligence may bear on the causation question in plaintiffs' case, *see Herman v. Welland Chemical, Ltd.,* 580 F.Supp. 823 (M.D.Pa.1984), and, in any event, can be effectively separated from the legal issues in the main case by use of proper jury instructions. *See Baker v. Outboard Marine Corp.,* 595 F.2d 176 (3d Cir.1979). Plaintiffs' interpretation of Rule 14(a) would require separate suits anytime different legal standards apply to the main case and the third-party suit. "Rule 14

should be liberally construed to effectuate its intended purpose of accomplishing in one proceeding the adjudication of the rights of all persons concerned in the controversy and to prevent the necessity of trying several related claims in different lawsuits."[7] *Smithkline Beckman Corp. v. Pennex Products Co., Inc.,* 103 F.R.D. 539, 541 (E.D.Pa.1984).

The facts of the two (2) claims are intertwined. The third-party defendants' actions are closely related to the claims involving the design, manufacture, etc., of the two (2) boats. Many of the same witnesses will be required to determine what caused the aforementioned accident. In sum, this case involves the actions of several alleged joint tortfeasors. *Cf. Tesch v. United States,* 546 F.Supp. 526 (E.D.Pa. 1982). Under Pennsylvania law, Mastercraft's claim against the third-party defendants is derivative of or determined by the outcome of plaintiffs' claims against Mastercraft. Therefore, the third-party complaint will not be stricken.

## ON MOTION TO STRIKE

Plaintiffs commenced this action against Defendants Mastercraft Boat Company

---

structions given in cases when a defendant manufacturer seeks to avoid liability based on the fault of some third party. Clearly, a third party's negligence only relieves the manufacturer of liability when the third party's acts are so extraordinary as not to have been reasonably foreseeable. *See Baker, supra* at 183; *Herman v. Welland Chemical, Ltd.,* 580 F.Supp. 823 (M.D.Pa.1984). Thus, a defendant manufacturer may raise a third-party's negligence as a defense. This "negligence" may act as a defense for the manufacturer as well as support a third-party claim by the manufacturer for contribution. Furthermore, while fault concepts have no place in a strict liability or warranty action, they are relevant in a third-party suit based on negligence. *See Baker, supra.* It later may be determined that the third party's negligence played no part in the occurrence. The issue now before the court, however, is whether the third-party plaintiff's claim should be permitted to proceed at all.

**6.** This claim is raised in plaintiffs' supplemental brief. Plaintiffs filed a Supplemental Brief in Support of Motion to Strike Third-Party Claim on September 3, 1985 in Civil No. 85–0561. No supplemental brief was filed in Civil No. 85–

0560. For the purpose of clarity, the court construes the supplemental brief as if it applied to both cases.

**7.** Courts in this circuit consider several factors in determining whether to permit joinder in the first instance. For example, some courts consider (1) the timeliness of the motion; (2) whether the filing of the third-party complaint would introduce an unrelated controversy or would unduly complicate the case to the prejudice of the plaintiff; and (3) whether the third-party complaint would avoid circuity of action and settle related matters in one lawsuit. *Judd v. General Motors Corp.,* 65 F.R.D. 612 (M.D.Pa. 1974); *see Collins v. General Motors Corp.,* 101 F.R.D. 4 (W.D.Pa.1983). The Eastern District of Pennsylvania also considers if the evidence and witnesses with respect to the third-party claim are the same as the evidence and witnesses in plaintiffs' claim; if the third-party claim involves substantially the same facts and parties as plaintiffs' claim; and if the questions of law involved in the third-party claim are substantially the same as plaintiffs' claim. *Stiber v. United States,* 60 F.R.D. 668 (E.D.Pa.1973). Similarly, these factors apply to a determination of whether to strike the third-party complaint.

("Mastercraft") and Baja Boat, Inc. ("Baja") on April 23, 1985 pursuant to 28 U.S.C. § 1332. Plaintiffs filed an amended complaint against both defendants on June 18, 1985, asserting claims under the Consumer Product Safety Act, 15 U.S.C. § 2051 *et seq.* On June 11, 1985, Mastercraft filed a third-party complaint against Denis J. Abramovage, Mark D. Turner and Ralph Turner. Third-party Defendant Ralph Turner ("Turner") filed an Answer to the Third-Party Complaint on July 5, 1985.[1] In the Answer, Turner, *inter alia,* asserted a cross-claim and counterclaim against the original plaintiffs. Plaintiffs filed a Motion to Strike, or in the Alternative, for a More Definite Statement to Turner's cross-claim and counter-claim. Turner has opposed this motion and the matter is now ripe for disposition. For the reasons set forth below, plaintiffs' Motion to Strike, or in the Alternative for a More Definite Statement will be granted as to the cross-claim but denied as to the third-party's claim against plaintiffs.

### DISCUSSION

Fed.R.Civ.P. 13(g) expressly provides that "a pleading may state as a cross-claim any claim by one party against a coparty arising out of the transaction or occurrence that is the subject matter either of the original action or of a counterclaim therein...." Cross-claims are filed against co-parties and not against adverse parties. *Stahl v. Ohio River Co.,* 424 F.2d 52 (3d Cir.1970). Clearly, in this case, plaintiffs are not co-parties with Turner. *See Rosario v. American Export-Isbrandtsen Lines, Inc.,* 531 F.2d 1227, 1231

n. 8 (3d Cir.1976), *cert. denied,* 429 U.S. 857, 97 S.Ct. 156, 50 L.Ed.2d 135 (1976). Furthermore, Turner's claims against plaintiffs "by way of contribution or indemnity" are more properly asserted as defenses to plaintiffs' claim. *See* Fed.R.Civ.P. 14(a). In fact, Turner does assert similar defenses in his answer. *See* Document 16 of the Record. Contribution exists between joint tortfeasors, *see* Pa.Cons.Stat.Ann. tit. 42, § 8324(a), and it is inconceivable that plaintiffs could be considered joint tortfeasors in bringing about their own injuries.[2] *See Lasprogata v. Qualls,* 263 Pa.Super. 174, 397 A.2d 803 (1979). Therefore, Turner's cross-claim against plaintiffs will be stricken.[3]

Turner's counterclaim seeks recovery from, *inter alia,* plaintiffs for damages allegedly caused to Turner's boat. Fed.R. Civ.P. 14(a) states "the third-party defendant may also assert any claim against the plaintiff arising out of the transaction or occurrence that is the subject matter of plaintiffs' claim against the third-party plaintiff." Turner's claim against plaintiffs is not, however, a counterclaim. Plaintiffs have asserted no claim against Turner. Therefore, Turner technically cannot assert a counterclaim against plaintiffs. *See Rosario, supra;* 6 C. Wright & A. Miller, Federal Practice and Procedure § 1444 at 234. Turner seeks to assert a new claim against plaintiffs.

The third-party defendants' claim against a plaintiff "arises out of" the subject matter of plaintiffs' claim against the third-party plaintiff when the claims involve some of the same evidence, facts, and

---

**1.** Turner did not file a response in Civil No. 85–0561. In Civil No. 85–0561 Turner was granted an enlargement of time within which to file a responsive pleading to the Third-Party Complaint. More specifically, Turner was relieved of any obligation to respond until the court's disposition of plaintiffs' Motion to Strike the Third-Party Complaint. By Order dated September 23, 1985, the court denied plaintiffs' Motion to Strike the Third-Party Complaint.

**2.** Indemnification cannot be obtained in the absence of an indemnification contract or in the absence of active/passive liability. *See Builders*

*Supply Co. v. McCabe,* 366 Pa. 322, 77 A.2d 368 (1951). Clearly, neither exists in this case. Thus, Turner's claim against plaintiffs for indemnification is not properly asserted in a cross-claim.

**3.** The "striking" of the cross-claim against plaintiffs is in reality a dismissal of the claim. The claim for contribution/indemnification is not sustainable under any construction of the facts. *See Gilbert & Bennett Manufacturing Co. v. Long Truck Lines, Inc.,* 574 F.Supp. 176 (D.Conn. 1983).

issues. *See Borden Co. v. Sylk*, 42 F.R.D. 429 (E.D.Pa.1967); Wright & Miller, *supra* at § 1458. Furthermore, "persuasive authority also holds that a third-party defendant ... may bring claims authorized by Fed.R.Civ.P. 14(a) against the original plaintiff notwithstanding the lack of an independent basis of jurisdiction for such claims." *Finkle v. Gulf & Western Manufacturing Co.*, 744 F.2d 1015, 1018 (3d Cir. 1984). It is efficient and fair to allow the third-party defendant to answer plaintiffs's suit in one action in federal court with its own claims that arise from the same transaction or occurrence. *Id.*

■ Contrary to plaintiffs' contentions, Turner's claim against plaintiffs "arises out of the transaction or occurrence that is the subject matter of the plaintiffs' claim against the third-party plaintiff." In essence, the occurrence that is the subject matter of plaintiffs' claim is the collision of two (2) boats. Any damage allegedly caused to Turner's boat arose out of the same occurrence. As such, much of the same evidence will be required to establish both claims. Therefore, Turner's claim against plaintiffs will not be stricken.

■ Finally, plaintiffs contend that Turner's cross-claim and counterclaim are "so vague and ambiguous as to prohibit plaintiffs from framing responsive pleadings thereto." Motions for more definite statements are not viewed with favor and are to be granted only if the allegations contained in the pleading are so vague that defendant cannot reasonably be expected to frame a response to it. *See Wilson v. United States*, 585 F.Supp. 202 (M.D.Pa. 1984). In the case *sub judice* the counterclaim is brief but clear.[4] Turner claims that plaintiffs' negligence, *inter alia*, caused damage to his boat in the amount of One Thousand Five Hundred Dollars ($1,500.00). Certainly, plaintiffs are adequately informed of the accusations against them. *Wilson v. United States*,

*supra*. Therefore, plaintiffs' Motion for a More Definite Statement will be denied.

An appropriate Order will enter.

## ORDER

In accordance with the reasoning set forth in the accompanying Memorandum, IT IS HEREBY ORDERED THAT:

(1) Plaintiffs' Motion to Strike Turner's Cross-Claim against Plaintiffs is granted.

(2) Plaintiffs' Motion to Strike Turner's Counterclaim against Plaintiffs is denied.

(3) Plaintiffs' Motion for a More Definite Statement is denied.

## ON MOTIONS TO DISMISS

Plaintiffs commenced these cases against Defendants Mastercraft Boat Company ("Mastercraft") and Baja Boat, Inc. ("Baja") seeking to be compensated for injuries sustained when a Mastercraft boat allegedly struck a Baja boat. Jurisdiction is proper pursuant to 28 U.S.C. § 1332. Plaintiffs filed an amended complaint setting forth a cause of action pursuant to the Consumer Product Safety Act ("CPSA"), 15 U.S.C. § 2072, on June 18, 1985. *See* Document 14 of Civil No. 85-0560 and Document 13 of Civil No. 85-0561. Defendants Baja and Mastercraft filed Motions to Dismiss the CPSA counts on July 25, 1985 and August 2, 1985 respectively. *See* Documents 26 and 30 of Civil No. 85-0560 and Documents 24 and 26 of Civil No. 85-0561. Both defendants filed briefs in support of their motions. Plaintiffs filed a brief in opposition to Mastercraft's motion and a brief in opposition to Baja's motion on August 20, 1985. *See* Documents 39 and 40 of Civil No. 85-0560 and Documents 33 and 34 of Civil No. 85-0561. Defendants Baja and Mastercraft filed reply briefs in support of their motions on September 6, 1985 and September 11, 1985 respectively. *See* Documents 44 and 45 of Civil No. 85-0560 and Documents 39 and 40 of Civil No. 85-0561.

---

**4.** The court's disposition of Turner's cross-claim against plaintiffs makes it unnecessary to address the Motion for a More Definite Statement as it applies to the cross-claim.

By letter dated September 20, 1985, plaintiffs advised the court that they will not seek leave to file a responsive brief in either case. The matter is now ripe for disposition. For the reasons set forth below, defendants' motions will be granted and Counts I(D) and II(D) of plaintiffs' six (6) causes of action will be dismissed.

## DISCUSSION

In ruling upon a motion to dismiss for failure to state a claim upon which relief can be granted, the court must accept as true all of the well-pleaded allegations of the complaint. *See Banghart v. Sun Oil Co.*, 542 F.Supp. 451 (E.D.Pa.1982). Furthermore, the allegations must be construed in a light most favorable to the plaintiff. *Id.* The claim should not be dismissed unless it appears beyond doubt that plaintiff can prove no set of facts in

1. The court notes that punitive damages are not provided for in the CPSA. Plaintiffs cannot request punitive damages based on the Act. *See Payne v. A.O. Smith Corp.*, 578 F.Supp. 733 (S.D. Ohio 1983). Therefore, plaintiffs' claims for punitive damages based on the Act will fail. Plaintiffs point out, however, that certain of their punitive damage claims are not based on the CPSA. *See* Document 39 of Civil No. 85–0560 and Document 33 of Civil No. 85–0561. These claims are not challenged by the motions now before the court.

2. Section 2072(a) provides:
   (a) Any person who shall sustain injury by reason of any knowing (including willful) violation of a consumer product safety rule, or any other rule or order issued by the Commission may sue any person who knowingly (including willfully) violated any such rule or order in any district court of the United States....
   15 U.S.C. § 2072(a). The language of this section requires that the injury be sustained "by reason of any knowing (including willful) *violation of a consumer product safety rule, or any other rule or order issued by the Commission.*" (emphasis added). Plaintiffs argue that defendants *"knew or should have known"* that their boats contained a substantial product hazard and that they failed to inform the Consumer Product Safety Commission as required by 15 U.S.C. § 2064. Thus, plaintiffs do not maintain that any violation was knowingly (willful) because they contend that defendants *"knew or should have known of the defect."*

support of its claim which would entitle plaintiff to relief. *Id.* *See Redgrave v. Boston Symphony Orchestra, Inc.*, 557 F.Supp. 230 (D.Mass.1983).

In the case *sub judice*, plaintiffs seek both compensatory and punitive damages based on the CPSA.[1] In essence, defendants argue that the CPSA does not apply to boats and, therefore, plaintiffs cannot maintain an action based upon a violation of the Act. In order for a person to maintain a claim pursuant to § 2072 of the CPSA, a violation concerning a "consumer product" as defined by the Act must exist.[2] *See e.g.*, 15 U.S.C. § 2064. Thus, the issue is the authority of the CPSC to regulate the boats involved in this case.

The CPSA defines the term "consumer product" and specifically provides such term *does not include:*

Aside from this deficiency in pleading the cause of action, however, the Act requires, at the very least, that the Consumer Product Safety Commission have the authority to regulate the product involved. "The clear, unambiguous wording of section 2072 provides a private cause of action only for a violation of a rule or order promulgated by the Consumer Products Safety Commission...." *Kahn v. Sears, Roebuck & Co.*, 607 F.Supp. 957, 958 (N.D.Ga.1985). The court in *Kahn* granted defendants' motion to dismiss when plaintiff only alleged that defendants failed to comply with reporting requirements detailed in interpretive rules issued by the Commission. *See* 16 C.F.R. § 115.1 *et seq.* The claim in this case is similar to that asserted in *Kahn*. Plaintiffs seek to assert a cause of action under § 2072 for the alleged failure of the defendants to comply with certain reporting requirements established by the Commission. *See Morris v. Coleco Industries*, 587 F.Supp. 8 (E.D.Va.1984). *Cf. Young v. Robertshaw Controls Co.*, 560 F.Supp. 288 (N.D.N.Y. 1983) (§ 2072 provides a cause of action for a failure to comply with interpretive rules issued by the Commission). Whether the *Kahn* line of cases (§ 2072 action must be based on a violation of a substantive rule promulgated by the Commission) or the *Young* line of cases (§ 2072 action may be based on the violation of an administrative rule of the Commission) is followed, the Commission must have the authority to regulate the product involved.

(G) boats which could be subjected to safety regulation under the Federal Boat Safety Act of 1971; vessels, and appurtenances to vessels (other than such boats), which could be subjected to safety regulation under title 52 of the Revised Statutes or other marine safety statutes administered by the department in which the Coast Guard is operating; and equipment (including associated equipment, as defined in section 3(8) of the Federal Boat Safety Act of 1971) to the extent that a risk of injury associated with the use of such equipment on boats or vessels could be eliminated or reduced by actions taken under any statute referred to in this subparagraph.

15 U.S.C. § 2052(a)(1)(G). The Consumer Product Safety Commission ("CPSC") recognizes that boats are exempted from the Commission's authority. *See infra* at 852 and Documents 26 and 24 of Civil No. 85–0560 and Civil No. 85–0561 respectively—Exhibit A. Concededly, there is no case authority that addresses the issue of whether boats similar to the Mastercraft and Baja boats are covered by the CPSA. It is inconceivable, however, that a cause of action under § 2072 can exist if the CPSC lacks the authority to regulate the boats involved in this case.

Plaintiffs' basic contention is that the aforementioned exclusion does not summarily exclude all boats from the CPSA. Plaintiffs maintain that the regulations referred to in § 2052 (a)(1)(G) must be examined in order to determine whether the particular boats involved are excluded. Generally, boats, *inter alia*, are excluded from the CPSC's authority because they

are covered by other regulatory statutes.[3] *See e.g., Kaiser Aluminum & Chemical Corp. v. United States Consumer Product Safety Commission,* 574 F.2d 178, 180 n. 2 (3d Cir.1978), *cert. denied,* 439 U.S. 881, 99 S.Ct. 218, 58 L.Ed.2d 193 (1978). Basically, the United States Coast Guard-Office of Boating Safety "regulates and sets mandatory safety standards for boats and associated equipment...." *See* Documents 26 and 24 of Civil No. 85–0560 and Civil No. 85–0561 respectively–Exhibit A at 3.

Section 2052(a)(1)(G) excludes, *inter alia,* those boats which "could be subjected to safety regulations under ... other marine safety statutes administered by the department in which the Coast Guard is operating...." The U.S. Coast Guard contains an Office of Boating Safety which apparently *could* establish safety regulations applicable to the Mastercraft and Baja boats. In fact, the CPSC acknowledges that "boats are not under the jurisdiction of the Consumer Product Safety Commission." *See* Document 44 of Civil No. 85–0560 and Document 39 of Civil No. 85–0561 (Affidavit of Dean F. Murtagh, Esq.)—attached letter from the U.S. Consumer Product Safety Commission. Furthermore, the CPSC recognizes that boats and boat related accidents are under the jurisdiction of the U.S. Coast Guard. *Id. See supra* at 851–852. Plaintiffs point to nothing which specifically denies the Coast Guard's or the Department of Transportation's authority to regulate the boats involved in this case.[4] In any event, plaintiffs are unable to predicate liability on a violation of the CPSA when the CPSC itself acknowledges that boats are not subject to

---

**3.** Several other products subject to regulation under other statutes also are excluded from the CPSA. For example, tobacco products, motor vehicles, pesticides, aircraft, drugs and food are also excluded. *See e.g.,* 15 U.S.C. § 2052(a)(1).

**4.** Plaintiffs acknowledge that the Coast Guard now operates under the Department of Transportation. *See* Document 40 of Civil No. 85–0560 at 7 and Document 34 of Civil No. 85–0561 at 7. Apparently, plaintiffs maintain that a transfer of functions from the Department of

Transportation to the Secretary of Treasury negates any authority of the Office of Boating Safety to regulate the boats in question. *Id.* Plaintiffs do not support a finding that the Mastercraft and Baja boats could not be subject to safety regulations administered by the Department of Transportation. Instead, defendants, by affidavit, aver that the CPSC directed defendants to the U.S. Coast Guard "which indeed does have jurisdiction over all of these boats, including the Baja." *See* Document 44 of Civil No. 85–0560 and Document 39 of Civil No. 85–0561.

its authority.[5] Therefore, defendants' motions will be granted.

An appropriate Order will enter.

5. The disposition of the case on this ground renders it unnecessary to reach the issue of whether a violation of the reporting require-ments as alleged by plaintiffs creates a cause of action cognizable under § 2072. *See supra* n. 2 at 851–52.