**Raymond Scott EKX; William K. Weldon, Sr.; Ann J. Weldon; Kathy M. Howard, Special Administratrix of the Estate of William K. Weldon, Jr., deceased; and Artistic Hardwood Floors, Inc., Plaintiffs,**

v.

**DIAMONDLAC CORPORATION; Glitsa American, Inc.; Lundwick & Brown Floor Company; Rudd Company, Inc., Defendants.**

**STATE INDUSTRIAL INSURANCE SYSTEM, a public agency of the State of Nevada, Plaintiff-In-Intervention,**

v.

**Raymond Scott EKX; William K. Weldon, Sr.; Ann J. Weldon; Kathy H. Howard, Special Administratrix of the Estate of William K. Weldon, Jr., deceased; and Artistic Hardwood Floors, Inc.; Diamondlac Corporation; Glitsa American, Inc; Lundwick & Brown Floor Company; Rudd Company, Inc.; Roe Corporations I Through X, inclusive, Defendants-In-Intervention.**

**No. CV-S-87-746-PMP (RJJ).**

United States District Court,
D. Nevada.

Sept. 5, 1989.

Joyce E. Borkenhagen, Harry R. Gensler and Mark Ferrario, Keefer, O'Reilly & Fer-

rario, Las Vegas, Nev., for plaintiffs and defendants-in-intervention.

Riley M. Beckett, Carson City, Nev., for plaintiff-in-intervention.

Drake De Lanoy, Beckley, Singleton, De Lanoy, Jemison & List, Las Vegas, Nev., for defendants and defendants-in-intervention Diamondlac Corp., Glitsa American, Inc. and Lundwick & Brown Floor Co.

James Olson and Richard E. Desruisseaux, Rawlings, Olson & Cannon, Las Vegas, Nev., for defendants and defendants-in-intervention Rudd Co.

## MEMORANDUM OPINION & ORDER

PRO, District Judge.

This case arises out of an explosion and fire which occurred in 1985 while Plaintiffs were applying a floor sealant product, Diamondlac Clearwood Sealer ("Diamondlac"), to a hardwood floor. In September 1987, Plaintiffs filed a complaint in Nevada state court against Defendants, alleging causes of action for strict product liability, breach of express and implied warranties, fraud and misrepresentation and violations of the Federal Consumer Products Safety Act ("CPSA"), 15 U.S.C. § 2051, *et seq.*, resulting from the injuries and death following the 1985 explosion and fire. Plaintiffs allege that the explosion and injuries were caused by defects in the manufacturing, testing, inspection, packaging, labeling, and distribution of Diamondlac.

Defendants removed this action from Nevada state court pursuant to 28 U.S.C. § 1441(b) by virtue of this court's diversity jurisdiction. Defendants have moved for partial summary judgment as to Plaintiffs' second cause of action, which was brought under the CPSA.[1]

## STANDARD FOR GRANT OF SUMMARY JUDGMENT

Pursuant to Fed.R.Civ.P. 56, summary judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law."

The party moving for summary judgment has the initial burden of showing the absence of a genuine issue of material fact. *See Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 90 S.Ct. 1598, 26 L.Ed.2d 142 (1970); *Zoslaw v. MCA Distributing Corp.*, 693 F.2d 870, 883 (9th Cir.1982). Once the movant's burden is met by presenting evidence which, if uncontroverted, would entitle the movant to a directed verdict at trial, the burden then shifts to the respondent to set forth specific facts demonstrating that there is a genuine issue for trial. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250, 106 S.Ct. 2505, 2511, 91 L.Ed.2d 202 (1986). If the factual context makes the respondent's claim implausible, that party must come forward with more persuasive evidence than would otherwise be necessary to show that there is a genuine issue for trial. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322–23, 106 S.Ct. 2548, 2552–53, 91 L.Ed.2d 265 (1986); *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586–87, 106 S.Ct. 1348, 1355–56, 89 L.Ed.2d 538 (1986); *Cal. Arch. Bldg. Prod. v. Franciscan Ceramics*, 818 F.2d 1466, 1468 (9th Cir.1987), *cert. den.*, 484 U.S. 1006, 108 S.Ct. 698, 699, 98 L.Ed.2d 650 (1988).

A material issue of fact is one that affects the outcome of the litigation and requires a trial to resolve the differing ver-

1. Defendant Rudd Company, Inc. filed its Motion for Partial Summary Judgment (# 97) on May 18, 1989, which the remaining named Defendants, Diamondlac Corporation, Glitsa American, Inc., and Lundwick & Brown Floor Company, joined on June 6, 1989 (# 104). Plaintiffs filed an Opposition (# 108) to Defendant Rudd's motion and the remaining Defendants' joinder on June 16, 1989, to which Defendant Rudd and the remaining Defendants replied on June 30, 1989 (## 113 and 112, respectively). On August 16, 1989, Plaintiffs filed Supplemental Points and Authorities in Opposition to Defendant Rudd's and the remaining Defendants' joinder in Motion for Partial Summary Judgment (# 130).

In addition, Defendant Lundwick & Brown Floor Company filed a Motion for Summary Judgment (# 98) on May 18, 1989, to which Plaintiffs filed an Opposition (# 109) on June 20, 1989. On June 29, 1989, Lundwick & Brown filed a Reply (# 110) in support of its Motion for Summary Judgment.

sions of the truth. *See Admiralty Fund v. Hugh Johnson & Co.*, 677 F.2d 1301, 1305–06 (9th Cir.1982); *Admiralty Fund v. Jones*, 677 F.2d 1289, 1293 (9th Cir.1982).

All facts and inferences drawn must be viewed in the light most favorable to the responding party when determining whether a genuine issue of material fact exists for summary judgment purposes. *Poller v. CBS, Inc.*, 368 U.S. 464, 82 S.Ct. 486, 7 L.Ed.2d 458 (1962). After drawing inferences favorable to the respondent, summary judgment will be granted only if all reasonable inferences defeat the respondent's claims. *Admiralty Fund v. Tabor*, 677 F.2d 1297, 1298 (9th Cir.1982).

This court is cognizant that the recent trilogy of Supreme Court cases establishes that "[s]ummary judgment procedure is properly regarded not as a disfavored procedural shortcut, but rather as an integral part of the Federal Rules as a whole, which are designed 'to secure the just, speedy, and inexpensive determination of every action.'" *Celotex Corp.*, 477 U.S. at 327, 106 S.Ct. at 2555 (quoting Fed.R.Civ.P. 1); *see also Avia Group Intern., Inc. v. L.A. Gear California*, 853 F.2d 1557, 1560 (Fed.Cir. 1988).

Applying these legal principles to this action, this court must grant partial summary judgment in Defendants' favor as to Plaintiffs' second cause of action, which is based upon the CPSA. Furthermore, this court must deny Defendant Lundwick & Brown Floor Company's Motion for Summary Judgment, which seeks complete dismissal of Lundwick & Brown from this action.

## DISCUSSION

A. Plaintiffs cannot, under the circumstances, assert a private cause of action under the Consumer Products Safety Act.

Section 23(a) of the CPSA vests a private cause of action for damages in any person who is injured by virtue of a knowing violation of a "consumer product safety rule, or any other rule or order" issued by the Consumer Product Safety Commission.[2] Section 15(b) of the CPSA, 15 U.S.C. § 2064(b), requires a manufacturer, distributor, or retailer who obtains information that reasonably supports the conclusion that its product contains a defect which could create a substantial product hazard to notify the Commission of the product defect. The Commission, at 16 C.F.R. Part 1115 (1985), has promulgated rules which elaborate on the statutory reporting requirement.

Plaintiffs claim that prior to the 1985 explosion, Defendants knew of defects in Diamondlac which could create a substantial product hazard. Accordingly, Plaintiffs maintain that Defendants' failure to report such information to the Commission constitutes a violation of a rule issued by the Commission and gives rise to a private cause of action under section 23(a) of the CPSA.

Defendants base their argument that a private cause of action cannot arise from noncompliance with the reporting rules (16 C.F.R. Part 1115) on the ground that such rules are not legally enforceable obligations. Accordingly, Defendants argue that Plaintiffs' claim is actually predicated upon a violation of section 15(b) of the CPSA itself. And as Defendants point out, section 23(a) of the CPSA is plain that only a rule violation is subject to private enforcement.

The Ninth Circuit has yet to rule on the issue of whether a private cause of action exists for a violation of the reporting rules of the CPSA. This court has considered, however, the two circuit court decisions which have addressed this issue, and is persuaded that Plaintiffs cannot maintain a private cause of action under section 23(a) of the CPSA.

2. Section 23(a) of the CPSA provides in pertinent part: Any person who shall sustain injury by reason of any knowing (including willful) violation of a consumer products safety rule, or any other rule or order issued by the commission may sue any person who knowingly (including willfully) violated any such rule or order in any district court of the United States in which the district in which defendant resides is found or has an agent.... 15 U.S.C. § 2072(a) (1982).

The two federal court of appeals cases cited by Defendants arise from the Seventh and Eighth Circuits, respectively. The initial case, *Drake v. Honeywell, Inc.*, 797 F.2d 603 (8th Cir.1986), contains a thorough discussion of the CPSA and its legislative history. The plaintiff in *Drake* asserted a claim identical to Plaintiffs'. Namely, that prior to an explosion which caused injuries, the manufacturer of the product involved in the accident (a water heater control knob) should have reported the possibility of a product hazard to the Commission.

This court concurs with the reasoning of the Eighth Circuit in *Drake*, and concludes that Congress did not intend for a private remedy for violations of the reporting provisions of the CPSA. The Eighth Circuit panel held, and this court concurs, that permitting a private plaintiff to enforce § 15(b), the reporting provision of the CPSA, through the § 23(a) rule enforcement provision would permit plaintiffs, contrary to Congressional intent, to bring a private right of action to enforce a section of the CPSA itself. *See Drake,* 797 F.2d at 606.

Moreover, the rules promulgated by the Commission with respect to the reporting provisions are interpretive rather than substantive or legislative. *Id.*, at 606–607. Interpretive rules are issued by an administrative agency to guide parties whose conduct might be governed by the underlying statute, and cannot be independently enforced as law.[3]

In the more recent circuit decision, *Zepik v. Tidewater Midwest, Inc.*, 856 F.2d 936 (7th Cir.1988), the plaintiff was severely injured diving into a swimming pool. He sued various parties that had manufactured or sold components incorporated in the pool. Regarding his claim under § 23(a) of the CPSA, the plaintiff claimed that the defendants had knowingly violated the rules that require manufacturers, distributors, and retailers to report product defects capable of creating "substantial product hazards." 16 CFR 1115.

The Seventh Circuit panel in *Zepik* largely followed the Eighth Circuit's example in *Drake:*

> For our purposes, it is enough to observe that given the CPSA's structure and legislative history no plausible federal standard could deviate so radically from established concepts of causation in tort—including those prevailing under [state] law—as to authorize suits under section 23 for reporting violations.
>
> 856 F.2d 936 at 942.

The court further noted:

> Interpreting section 23(a) to encompass reporting violations would create CPSA liability for manufacturers, distributors and retailers that could not be sued under the most expansive of state enterprise liability doctrines. If Congress had intended to bring about such a radical expansion of products liability—and of the federal courts' subject matter jurisdiction over these claims—it certainly could have done so. However, we see no indication in the legislative history or the structure of the CPSA that section 23(a)'s "by reason of" language was intended to be construed so broadly as to accomplish this result.
>
> *Id.* at 944.

Finally, this court places much weight on the practical consequences which would follow from recognizing a private cause of action under the CPSA. Even prior to the circuit court decisions in *Drake* and *Zepik,* in *Morris v. Coleco Industries,* 587 F.Supp. 8 (E.D.Va.1984), Judge Warriner of the Eastern District of Virginia commented:

> Specific provisions dealing with a failure to report are contained in the [CPSA]. Sections 2069 and 2070 provide civil and criminal penalties as means for enforcing

3. It is precisely because the Commission's reporting rules, as interpretive rules, are derivative rather than independent of the section 15(b) reporting requirement, that they cannot be violated, but can only signal a violation of section 15(b) itself. Congress made clear, however, that no private action may flow from a violation of the [CPSA]. Therefore, a section 23(a) private cause of action cannot arise from an injury resulting from noncompliance with the product hazard reporting rules issued by the Commission.

*Drake v. Honeywell, Inc.,* 797 F.2d 603, 609 (8th Cir.1986).

the disclosure requirements of [section 15(b)]. Further, the requirement to disclose is not a requirement based upon a rule or order of the Commission. It is a requirement predicated upon the statute itself. Further, it appears illogical to me that Congress would have supposed that a failure to disclose a mishap to the Commission might proximately cause an injury. Finally, such an interpretation of the [CPSA] would for all practical purposes constitute district courts as special tribunals for the trial of products liability cases in the consumer field. Nothing I have read leads me to believe Congress intended such a sweeping change in the relative functions of State and federal courts. I hold no private claim exists for a failure to disclose under § 2064.

This court need not elaborate further, and holds that Plaintiffs' second cause of action, which is based upon the CPSA, must fail.

Defendants also assert as a secondary argument that Defendants cannot maintain an action predicated upon the CPSA because Diamondlac is not a "consumer product" within the definition set forth at § 2052 of the CPSA. Inasmuch as this court holds that Plaintiffs cannot, as a matter of law, maintain a private cause of action under the CPSA, the court need not address this issue.

B. Defendant Lundwick & Brown is not entitled to summary judgment.

Defendant Lundwick & Brown Floor Company has moved for summary judgment on the grounds that it was not involved in the manufacturing, testing, inspection, packaging, labeling, or sale of Diamondlac. *See* # 98, Lundwick & Brown's Answers to Interrogatories, attached thereto as Exhibit "B". On the other hand, Plaintiffs offer the Deposition of Edgar Hodgson, President of Lundwick & Brown, which indicates that Lundwick & Brown's officers and directors also serve in the same capacity for Defendants Diamondlac Corporation and Glitsa American, Inc. Furthermore, the deposition indicates that these common officers and directors are all members of Hodgson's family, and that Lundwick & Brown was involved in the initial licensing and distribution of Glitsa products. *See* # 109, at 5–7.

It is well established that all facts and inferences drawn must be viewed in the light most favorable to the responding party when determining whether a genuine issue of material fact exists for summary judgment purposes. *Poller v. CBS, Inc.*, 368 U.S. 464, 82 S.Ct. 486, 7 L.Ed.2d 458 (1962), cited *supra*. Accordingly, this court cannot dismiss Plaintiffs' allegation, contained in Paragraph IX of the complaint, that all named Defendants may be considered alter egos of one another. Accordingly, this court must deny Defendant Lundwick & Brown's Motion for Summary Judgment, since it remains for the trier of fact to determine the extent, if any, of Lundwick & Brown's nexus with the Diamondlac product.

IT IS THEREFORE ORDERED that the Motion for Partial Summary Judgment filed by Defendant Rudd Company, Inc. (# 97), and the Joinder in Motion for Partial Summary Judgment filed by Defendants Diamondlac Corporation, Glitsa American, Inc., and Lundwick & Brown Floor Company (# 104), are GRANTED;

IT IS FURTHER ORDERED that the Motion for Summary Judgment filed by Defendant Lundwick & Brown Floor Company (# 98) is DENIED.